Hillsborough, June 5, 1951. } No. 3941.

ALICE DUBOIS *v.* EDDIE J. POULIOT *d. b. a.* EDDIE'S LUNCH.

*J. Leonard Sweeney* and *Robert J. Doyle* (*Mr. Doyle* orally), for the plaintiff.

*Sheehan, Phinney & Bass* and *Alfred J. Chretien* (*Mr. Phinney* orally), for the defendant.

JOHNSTON, C. J.   At common law actions of tort for physical injuries to the person and the causes of such actions did not survive the death of the alleged wrongdoer.   However, section 10 of chapter 355 of the Revised Laws provides for a right of action that survives the decease of the defendant under certain conditions, but such action can exist only in accordance with the terms of the statute. *Halle* v. *Cavanaugh*, 79 N. H. 418.   Since the plaintiff did not before the end of the second term after the original grant of administration upon the defendant's estate procure a *scire facias* to be issued to the executrix of the will of the deceased defendant as the statute provides, the present action abated and is barred.

Barring estoppel, the insuring company cannot be held liable except in accordance with the terms of its contract. *Cushman* v. *County of Grafton*, 97 N. H. 32; *Boisvert* v. *Boisvert*, 94 N. H. 357. One of the conditions is that: "No action shall lie against the Company . . . until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured,

the claimant, and the Company." Since there is no estoppel in the present case, the insurer cannot be found liable.

*Exceptions overruled.*

All concurred.