Hillsborough,
No. 4705.

MARYLAND CASUALTY COMPANY

*v.*

WAUMBEC MILLS, INC. *& a.*

Argued April 7, 1959.

Decided July 10, 1959.

*Sheehan, Phinney, Bass, Green & Bergevin* and *Richard A. Morse* (*Mr. Phinney* orally), for the plaintiff.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree* and *Peter J. Bourque* (*Mr. Bourque* orally), for the defendants Waumbec Mills, Inc. and its insurance carrier, Employers' Mutual Liability Insurance Company of Wisconsin.

*Booth, Wadleigh, Langdell, Starr & Peters* (*Mr. Booth* orally), for the defendant, The Bahnson Service Company.

DUNCAN, J. Waumbec Mills, Inc. by written contract dated April 20, 1951, employed a contractor, The Bahnson Service Company, to install a heating and air conditioning system on Waumbec's premises. In the course of the work, two of Bahnson's employees were injured on September 25, 1951, and workmen's compensation was thereafter paid to them by the plaintiff, Maryland Casualty Company, under a policy of "workmen's compensation and employers liability" insurance which it had issued to Bahnson.

Subsequently, in 1955, the same employees recovered judgments against Waumbec in actions for negligence in the installation and maintenance of certain electrical wiring. These judgments were satisfied by Waumbec from funds advanced to it under a "loan receipt agreement" by Employers Mutual Liability Insurance Company of Wisconsin, its insurer under a policy referred to in certain of the pleadings as a policy of public liability insurance. A portion of these funds was paid to the plaintiff Maryland Casualty Company, as reimbursement for the workmen's compensation previously paid by it. This reimbursement was secured by a lien in favor of its insured, the employer Bahnson. See RSA 281:14.

By writ dated March 29, 1956, Waumbec sued Bahnson in assumpsit to recover the amounts paid on account of the judgments in favor of the employees, declaring upon the contract of April 20, 1951, and in particular the following "general condition" thereof: "This Contractor [The Bahnson Service Company] shall maintain such accident and liability insurance as will adequately protect him and the Owner [Waumbec Mills, Inc.] from claims for damage for personal injuries arising directly or indirectly from operations under this contract, as to all persons, both employees and the public, complying with all laws covering this subject, and he shall be liable to the Owner for failure to maintain such insurance."

On July 3, 1957, Bahnson moved that Employers Mutual Liability Insurance Company be joined as a party plaintiff in the law action, and the plaintiff Maryland Casualty Company as a party defendant. Maryland thereupon filed this petition for declaratory judgment, alleging that the policy in question did not provide coverage against the liability sued upon by Waumbec and the petition was tried by the Court.

The exceptions to the ruling of the Trial Court that the petition for declaratory judgment should be heard in advance of further proceedings in the law action (see *Merchants Mut. &c. Co.* v. *Kennett,* 90 N. H. 253) presents no question of law, since there was evidence upon which the Court could properly so rule. Whether Maryland should or could be cited in as a party defendant in the action at law depended upon whether it insured Bahnson against liability for the alleged breach of its contract with Waumbec. The argument on behalf of Bahnson that the ruling was made as a matter of law is not supported by the record. We find nothing to indicate that the ruling was not made in the Court's discretion, and the presumption is that it was. *Vallee* v. *Company,* 89 N. H. 285, 291; *Perkins* v. *Associates,* 100 N. H. 247. The exceptions to the ruling are accordingly overruled.

The remaining and principal issue concerns Maryland's alleged obligation to defend Bahnson in the assumpsit action and to satisfy any judgment which Waumbec may recover on account of Bahnson's alleged breach of contract. The policy issued by Maryland to Bahnson, styled a "comprehensive general liability policy," provides in part that the insurer "agrees . . . subject to the limits of liability, exclusions, conditions and other terms of this policy . . . . I Coverage A — *Bodily Injury Liability.* To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person and caused by accident."

Under the head of "Exclusions" the policy contains the following provisions material to this case: "This policy does not apply: (a) to liability assumed by the insured under any contract or agreement . . . (c) under coverage A . . . to bodily injury to . . . any employee of the insured while engaged in the employment of the insured, or any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation law."

The issue presented by the petition for declaratory judgment is thus seen to consist of the following question: Is Bahnson's liability by reason of its alleged breach of agreement to insure Waumbec against "claims for damage for personal injuries arising . . . from operations" in the installation of the heating and air conditioning system, a liability, within the meaning of Maryland's policy, for "sums which [Bahnson is] legally obligated to pay as damages because of bodily injury . . . caused by accident"; or is it on the contrary a liability within the meaning of the provisions of the policy which exclude "liability assumed by the insured under . . . contract or agreement," and liability "under any workmen's compensation law?"

It seems plain to us that the alleged liability is expressly excluded from coverage by the terms of the policy. Waumbec seeks by its action at law to establish liability for breach of contract by Bahnson, upon which contract it has expressly declared. By the contract Bahnson specifically agreed that it should be "liable" to Waumbec "for failure to maintain . . . insurance" for Waumbec against "claims for damage for personal injuries arising . . . from" the work.

If Bahnson is liable for such a failure, and is adjudged liable in the law action, its liability will be one to pay damages for breach of contract arising out of its failure to insure the owner, and not one to pay "sums . . . as damages because of bodily injury." The liability, if it exists, is one which Bahnson expressly "assumed" by its contract of April 20, 1951.

The nature of Bahnson's liability will not be altered even if the rule of damages in the action at law is properly to be held to permit recovery of sums paid by Waumbec on account of bodily injuries suffered by Bahnson's employees. *Cf. Dufton v. Bank,* 95 N. H. 299; *Mansfield v. Finance Corp.,* 99 N. H. 352. Bahnson's liability, if any, to Waumbec will remain a liability which it "assumed" or took onto itself, by contract.

Bahnson, as the insured under the Maryland policy, places substantial reliance upon an amendment to the policy, made by endorsement, by which the words "and caused by accident" modifying the words "bodily injuries" were stricken out of the insuring clause under coverage A, and the word "occurrence" was substituted for the word "accident" "whenever used in the policy." It is not perceived how this amendment can alter the conclusions heretofore expressed. Whether the effect of the endorsement was

to make coverage A applicable to "bodily injury . . . sustained by any person and caused by occurrence" or simply to "bodily injury . . . sustained by any person," the coverage afforded was against liability to pay money "as damages because of bodily injury," which is a liability in tort and not a "liability assumed . . . under any contract" expressly excluded by the policy.

Waumbec seeks to recover sums which it paid out on account of its common-law liability to Bahnson's employees, for negligence Bahnson agreed to insure but not to indemnify Waumbec against such liability. Bahnson satisfied its own liability to the injured employees by paying them workmen's compensation. It could be under no responsibility to them in a common-law action for negligence. RSA 281:12. Satisfaction of the judgments by Waumbec was payment of damages arising out of its own negligence and not on account of any vicarious liability for Bahnson's conduct. No question of primary and secondary liability as between Bahnson and Waumbec is involved. Hence the only cause for which Bahnson can be liable to Waumbec is its alleged breach of an obligation assumed by contract.

For such liability no coverage is afforded by the Maryland policy. *Larsen* v. *General Casualty Co.*, 99 F. Supp. 300 (D. C. Minn., 1951) *aff'd* in *General Cas. Co. of Wisc.* v. *Larson* 196 F. (2d) 170 (8th Cir. 1952). See *Union Paving Co.* v. *Thomas*, 186 F. (2d) 172 (3d Cir. 1951); *Wells Labberton* v. *Gen'l Cas. Co. of Am.*, 332 P. (2d) 250; *Cf. United States F. & G. Co.* v. *Virginia Eng. Co.*, 213 F. (2d) 109 (4th Cir. 1954). See also, anno. 63 A. L. R. (2d) 1122; comment, 25 Fordham L. Rev. 714.

It follows that a declaratory judgment should be entered adjudging that the plaintiff Maryland Casualty Company is not obligated by virtue of its policy of insurance to defend the action at law against Bahnson Service Company or to satisfy any judgment which may be returned against the latter in that action.

Other issues which have been briefed and argued by the parties are not presently before us, but arise out of the pending law action and the motions to join the insurers as parties to that action. There is no occasion for us to pass upon them unless and until they are transferred in the orderly course of disposing of the action at law. It is apparent, however, that there is no occasion to join Maryland Casualty Company as a party defendant in that action on account of the "comprehensive general liability policy" which it issued to The Bahnson Service Company.

The evidentiary rulings to which exceptions were taken do not require consideration in view of the conclusions reached. There should be

*Judgment for the plaintiff.*

All concurred.