Hillsborough,
No. 5092.

NEWFOUNDLAND AMERICAN INSURANCE CO.

*v.*

STEVEN KAMIENIECKI & *a.*

Argued January 2, 1963.

Decided February 21, 1963.

426

*Sweeney & Welts* (*Mr. Robert B. Welts* orally), for the plaintiff.

*Leonard & Leonard* (*Mr. Richard W. Leonard* orally), for the defendant Kamieniecki.

*Morris D. Stein* for the defendant Gladstone, furnished no brief.

KENISON, C. J.   It is probably an understatement to say that the courts have not been harmonious in applying the care, custody and control exclusion clause in liability insurance policies. 2 Richards, Insurance (5th *ed.*) *s.* 301A (1962 supp); Annot. 62 A.L.R. 2d 1242. "The courts have been more reluctant to apply the care, custody and control exclusion to realty than to chattels. Where, for instance, the insured has contracted to and is actually in the process of erecting a structure at the time of damage to

that structure, then the exclusion is applicable. If, however, the contract is to make alterations or repairs, then the specific item under the contract to be repaired or altered is excluded, but not the whole building and surrounding area where the work is being done. For example, a window washer does not have the building where the windows are being washed under his care, custody and control. This rule of construction generally conforms to the intention of the underwriters who promulgated it." Ramsey, The Care, Custody, Control Exclusion of Liability Insurance Policies, 25 Insurance Counsel J. 288, 294 (1958).

In *Sanco Co.* v. *Employers &c. Ins. Co.*, 102 N. H. 253, it was held that the care, custody and control of the insured included possessory control as well as proprietary control and that damage to an elevator by an insured's employees was within the exclusion clause of the policy. See also, *Hardware Mut. Cas. Co.* v. *Mason-Moore-Tracy Co.*, 194 F. 2d 173 (2d Cir. 1952). In the present case it is clear that the contractor had complete control over the removing of the debris from the building which had been destroyed by fire. The crucial question is whether the control of the contractor extended to the walls within the meaning of the exclusion clause of the policy. While the evidence in this case was not extensive on this issue, we think the Court was justified in finding that control of the walls remained in the owner and any work that needed to be done by the contractor in connection with the walls was incidental to his contract job of removing the debris. 7A Appleman, Insurance, *s.* 4493.4 (1962); *Meiser v. Aetna Casualty & Surety Co.*, 8 Wis. 2d 233; *Cohen* v. *Keystone Mut. Casualty Co.*, 151 Pa. Super. 211. The Court in making this finding and in its decree followed the general rule that where the property damaged is merely incidental to the property upon which the work is being performed by the insured, the property damaged is not in the control of the insured within the meaning of the exclusion clause in the contractor's liability insurance policy. *Thomas W. Hooley & Sons* v. *Zurich General Acci. & Liability Ins. Co.*, 235 La. 289; *A. T. Morris & Co.* v. *Lumber Mut. Casualty Ins. Co.*, 163 Misc. 715, 298 N.Y.S. 227; *Mayronne Mud & Chemical Corp.* v. *T-W Drilling Co.*, 168 F. Supp. 800 (*aff'd* 272 F. 2d 710 (5th Cir. 1959).

The conduct of the operations by the contractor, the nature of the work, the agreement between the owner and the contractor, and the owner's activities thereunder all point to the

428

crucial factor that the walls of the building were considered incidental and separate from the contract operation and therefore were not within the exclusion clause of the liability insurance policy. See Cooke, Care, Custody or Control Exclusions, Insurance Law J. 7, 11 (Jan. 1959); Gowan, Provisions of Automobile and Liability Insurance Contracts, 30 Insurance Counsel J. 96, 103-4 (1963). Accordingly, the findings and decree of the Superior Court are affirmed. 7A Appleman, Insurance, *s.* 4493.4 (1962); 6 Couch, Insurance, *s.* 1274-1 (1962 supp.).

*Exceptions overruled.*

All concurred.