**De Luxe Motor Stages of Illinois, Inc., Plaintiff-Appellant, v. Hartford Accident & Indemnity Co., Defendant-Appellee.**

**Gen. No. 50,418.**

First District, Second Division.

October 6, 1967.

Jay A. Baier, of Chicago (Joseph B. Lederleitner, of counsel), for appellant.

Gilmartin & Wisner, of Chicago, for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court.

This is an appeal from a judgment for the defendant entered December 17, 1964 by the Circuit Court of Cook County upon a finding made by the Court without jury.

De Luxe Motor Stages of Illinois, Inc., ("plaintiff" herein) is a corporation engaged in the transportation of passengers by bus. The Hartford Accident & Indemnity Co., ("defendant" herein) was an insurance carrier for the plaintiff under a Comprehensive Bodily Injury and Property Damage Liability Policy which insured plaintiff against liability for damages because of injury to a person caused by accident.

On July 26, 1950, the plaintiff accepted as a passenger Genevieve Guthrie for transportation from St. Louis to Chicago. During the trip the plaintiff's bus made a stop at Litchfield, Illinois, at a roadside restaurant known as "Skinny's Cafe." Mrs. Guthrie left the bus, entered the cafe and patronized its facilities. As she prepared to exit from the cafe Mrs. Guthrie fell on the cafe's poorly lighted and littered stairs. As a result of the fall, Mrs. Guthrie suffered serious injuries. Thereafter Mrs. Guthrie brought suit against De Luxe Motors for her injuries, medical expenses and loss of earnings.

The plaintiff notified defendant of the lawsuit and demanded that pursuant to the insurance policy the defendant undertake plaintiff's defense against the Guthrie action. Defendant refused to defend against the Guthrie action and continued to deny requests that it participate in the case. As trial call approached the plaintiff conducted settlement negotiations with Mrs. Guthrie and ultimately settled her claim for $1,500 and obtained a release of claim from Mrs. Guthrie and her husband in December of 1955.

On January 17, 1956, the plaintiff brought this action to recover from defendant $2,275 which included the amount of the settlement paid to Mrs. Guthrie plus a demand of $775 in attorney's fees incurred in defense

and settlement of the Guthrie claim. Defendant's answer denied liability on several grounds. The case was assigned for trial on December 15, 1964, and on that day the defendant was permitted, over plaintiff's objections, to file an amended answer which raised an additional defense based upon the "no action" clause of the policy. The clause states:

> "No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all of the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company."

At the close of the plaintiff's case the defendant moved for a finding in its favor on the grounds (1) that under the "no action" clause an action against the defendant does not lie until the insured plaintiff's liability is reduced to judgment which fact was not shown in the evidence; and (2) that the claim of the injured third person against the insured plaintiff was not within the coverage of the policy because "Skinny's Cafe" was a location not covered by the policy and because an endorsement on the policy "excluded coverages for claims arising out of the ownership, maintenance or use of automobiles, owned, operated or hired by or for the insured or arising out of accidents to passengers while entering, riding in, upon alighting from automobiles." The Circuit Court found as an uncontroverted fact that the plaintiff had settled the Guthrie suit. The court found that this was a breach of the insurance contract which relieved the defendant of liability to the plaintiff. Upon this finding the court entered judgment for the defendant. The court also found, however, that under the insurance contract the defendant should have afforded defense against the Guthrie suit but

that its failure to do so was in good faith. Finally, the court found that the Guthrie settlement was reasonable in amount.

On this appeal the plaintiff alleges two errors in the proceedings below: (1) that the allowance of defendant's amended answer which raised the "no action" clause defense on trial day, to plaintiff's surprise and prejudice, constituted an abuse of the court's discretion, and (2) that the defendant's breach of contract in refusing to defend released the plaintiff from its policy obligations, so that the "no action" clause is no bar to recovery of subsequent reasonable settlement costs.

Considering first plaintiff's second contention, we are of the opinion that it raises an issue not previously determined in Illinois law and that it is dispositive of this case. Plaintiff's theory is based upon the following reasoning: A refusal by the insurer to extend coverage when the action is within the terms of the policy, where the insured properly performs his obligations to bring the insurer into participation in the suit, constitutes a breach of the contract by the insurer. As a result of that breach the insured party is forced to do what his insurer should have done, that is, to take appropriate defense measures in the suit. As a consequence, if the insured party finds in good faith that settlement of the case is appropriate, and thereupon concludes a reasonable settlement, a clause in the policy requiring judgment rather than settlement should not defeat the insured's rights against his insurer.

The defendant argues that its breach of the insurance contract does not release its insured from the obligation of securing defendant's agreement to a settlement or litigating the claim to a judgment against the insured. In support of this contention the defendant directs our attention to Piper v. State Farm Mutual Auto Ins. Co., 1 Ill App2d 1, 116 NE2d 86 (1953) and Diamond v. Massachusetts Bonding & Ins. Co., 226 F2d 396 (7th

Cir Ill 1955) which it says are dispositive of this case. In the Piper case an insured brought suit against his insurer for the amount of a settlement the insured had made after the insurer denied coverage. The insurer defended upon the basis of a "no action" clause *and* the fact that the policy had been canceled for nonpayment of premium and the insured so notified prior to the accident resulting in the claim. The Appellate Court reversed a judgment against the insurer. The crucial fact in that case was that no effective insurance contract existed when the claim arose. Since there was no contract there could have been no wrongful breach by the insurer. The Appellate Court therefore did not consider the question of whether a breach by the insurer would excuse the insured from adherence to the "no action" clause.

In the Diamond case, as in the instant case, an insured brought suit against an insurer for the amount of a settlement of a claim against the insured. Diamond, the insured, was protected by two insurers, Massachusetts Bonding and Hawkeye Security. When suit was brought against Diamond he notified Hawkeye Security but not Massachusetts Bonding. Thereafter, the representatives of Hawkeye Security made settlement with the injured claimant and caused an agreed judgment to be entered against Diamond. In affirming the judgment for Massachusetts Bonding the Court of Appeals observed that Diamond did not comply with the provisions of the policy issued by Massachusetts Bonding in giving notice of the claim and suit against him. Nor did he ever ask Massachusetts Bonding to defend him in that suit. It is plain that there was no breach of the policy by Massachusetts Bonding and therefore there was no question of excusal of Diamond from the "no action" clause.

A note in 49 ALR2d 694 at 744 treats this problem at length:

"§ 22. Loss of right to invoke clause prohibiting settlement by insured.

"(a) Generally.

"It appears to be well settled that an insurer cannot breach its contract by unjustifiably refusing to defend an action against the insured, upon the ground that the claim upon which the action was based was outside the coverage of the policy, and at the same time take advantage of a policy provision prohibiting the insured from settling any claim except at his own cost without the consent of the insurer. Consequently, an insurer's unjustified refusal to defend relieves the insured from his contract obligation not to settle, and the insured is at liberty to make a reasonable settlement or compromise without losing his right to recover on the policy."

This rule was applied by the United States Supreme Court as early as 1906 in the leading case of St. Louis Dressed Beef & Provision Co. v. Maryland Cas. Co., 201 US 173, 50 L Ed 712, 26 S Ct 400.

██ The purpose of the "no action" clause is to protect the insurer from collusive or overly generous or unnecessary settlements by the insured at the expense of the insurance carrier. It is, however, unfair to the insured to enforce the clause against him when the insurer has erroneously refused to perform the insurance contract. The insurer had refused to participate in the suit and was in no position to expect to be a party to the settlement. And it is questionable whether the insurer is in all cases protected by requiring a judgment against the insured. This could be achieved by default or after an unenthusiastic defense. The insurer is protected by a showing, as was made in this case, that the settlement was made in good faith and for a reasonable amount.

In view of this court's holding on the "no action" clause defense raised by the appellee, the error alleged in the trial court's allowance of the amended answer raising that defense does not require extensive treatment. We observe, however, that the Illinois Supreme Court and this court have frequently affirmed the trial court's broad discretion in allowing amendment of pleadings. See, for example, Kovalik v. Baldwin, 3 Ill App 2d 210, 121 NE2d 53 (1954).

The judgment is reversed and the cause remanded with instructions to enter judgment for the plaintiff.

Judgment reversed and cause remanded with instructions.

LYONS, P. J. and BURKE, J., concur.