Merrimack,
No. 6303.

MERCHANTS MUTUAL INSURANCE COMPANY

*v.*

TRANSFORMER SERVICE, INC.

November 3, 1972.

*Sheehan, Phinney, Bass & Green* and *Thomas H. Richards,* by brief, for the plaintiff.

*Hall, Morse, Gallagher & Anderson,* by brief, for the defendant.

LAMPRON, J. Petition by plaintiff Merchants under RSA 491:22 for a declaratory judgment of the rights, duties, and obligations of the parties under an automobile liability policy

issued by it covering defendant Transformer's 1962 Chevrolet truck.

On October 27, 1962, defendant was using this truck, loaded with filters and oil purification equipment, to cleanse the oil in certain transformers located on a pumping plant substation of the Government near Frazer, Montana. At about 6:00 P.M. on that day a truck owned by Westland Oil Company of Montana was filling with propane gas the purification equipment tank of Transformer's vehicle. There was an explosion and a resulting fire which caused damage to Transformer's vehicle, to portions of the substation, and to a rented pickup truck. Transformer sued Westland in the United States District Court of Montana and Merchants intervened to recover payments made to Transformer under its collision policy. After several days of trial the action was settled by all the parties with prejudice. The Government under clause A-6 of its contract with Transformer withheld $3,498 in payment of damages suffered as a result of the fire. Thereafter Transformer sued Merchants to recover this amount whereupon Merchants filed this petition for declaratory judgment.

The issues raised by the petition were reserved and transferred in the form of questions by *Flynn,* J., on an agreed statement of facts.

The first question transferred is whether coverage is excluded by certain clauses in the Merchants policy, especially exclusion (b) pertaining to "liability assumed by the insured under any contract or agreement" and exclusion (f) which applies to property "in charge of the insured."

Clause A-6 of the contract between Transformer and the Government provided: "Responsibility of contractor. The contractor shall be responsible for the safety of his employees and for any injury or damage done by them and shall protect the Government from any claims resulting therefrom. The contractor shall make good at his own expense all damage to Government property resulting from his operations under this contract, or resulting from the fault or negligence of any of his employees."

By the terms of its policy Merchants agreed to pay on behalf of its insured Transformer "all sums which the insured shall become legally obligated to pay as damages because

of injury to or destruction of property." The purpose of exclusion (b) is to limit the insurer's liability to that which the law imposes on all insureds alike by excluding other risks which the insured might assume by contract or agreement. 1 Long, Law of Liability Insurance *ss.* 1.11, 1.12 (1972); Annot. 63 A.L.R.2d 1122, 1123 (1959).

In *Maryland Cas. Co.* v. *Waumbec,* 102 N.H. 200, 152 A.2d 619 (1959), relied on by the plaintiff, the insured had contracted to maintain insurance to protect the third party Waumbec from claims arising from its work on that party's premises. This constituted an obligation and risk outside of the liability for negligence which the law would impose on the insured. On these facts it was properly decided that an exclusion in the general liability policy which was identical to the exclusion in the Merchants policy barred any recovery for that assumed liability.

Since we are bound to interpret the policy as would "a reasonable person in the position of the insured," *Peerless Insurance Co.* v. *Clough,* 105 N.H. 76, 79, 193 A.2d 444, 447 (1963), we cannot adopt Merchants' construction that this exclusion precluded Transformer from any coverage for losses occasioned by its negligence. *U.S.F.&G.* v. *Virginia Eng. Co.,* 213 F.2d 109 (4th Cir. 1954); 12 Couch, Insurance 2d *s.* 44.448 (1964); *see Lumbermen's Mut. Cas. Co.* v. *Pound Ridge,* 362 F.2d 430 (2d Cir. 1966). We hold that exclusion (b) would not remove the liability coverage of the policy as to damage caused to the substation of the Government by the fire in question if it resulted from negligence on the part of Transformer, as this is the liability for which Merchants agreed to provide coverage. The agreed statement of facts throws no light upon the question of whether negligence on the part of Transformer caused or contributed to cause the explosion and resulting damage. In the Montana proceedings Transformer and Westland each claimed that the other was negligent. The claims of the parties were settled, and the order of dismissal was "with prejudice as to the parties, each party to bear his own costs of suit herein." The Government was not a party. Thus the issue of whether Transformer's negligence caused the damage to the Government has never been adjudicated so far as the record before us reveals.

Merchants also contends that it is not liable for this damage to the Government's substation because it was property in charge of the insured and thus subject to exclusion (f). This court has held the general rule to be that, where the property damaged is merely incidental to the property upon which the work is being performed by the insured, the property damaged is not in the control of the insured within the meaning of such an exclusion clause. *Newfoundland &c. Ins. Co. v. Kamieniecki,* 104 N.H. 425, 427, 188 A.2d 480, 482 (1963); *Mead v. Travelers Ins. Co.,* 111 N.H. 27, 274 A.2d 792 (1971); *see National U. Ins. Co. v. Inland Crude, Inc.,* 433 F.2d 584 (10th Cir. 1970); Annots., 62 A.L.R.2d 1245, 1248 (1958); 10 A.L.R.3d 515 (1966). Since the agreed statement of facts would not support a finding that the substation itself was under the supervision of Transformer or was a necessary element of the work it was to perform, exclusion (f) would not apply. Ramsey, The Care, Custody, Control Exclusion of Liability Insurance Policies, 25 Ins. Counsel J. 288 (1958). It follows that the answer to question No. 1 is "No", the exclusionary clauses in the policy do not remove Merchant's liability coverage for damage caused to the substation of the Government by the fire of October 27, 1962, if it resulted from Transformer's negligence.

The second question transferred is whether condition 7 of the policy prevents any action by Transformer against Merchants because the Government withheld the cost of repair of the fire damage from payments due Transformer under their contract.

Condition 7 reads in part as follows: "No action shall lie against the company . . . until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company." This clause is intended to protect the insurer from collusive or overly generous or unnecessary settlements by the insured at the expense of the insurer. *See DeLuxe Motor Stages v. Hartford Acc. & Ind. Co.,* 88 Ill. App. 2d 188, 232 N.E.2d 141 (1967). An actual trial on the merits or a settlement with the consent of the insurer is required to meet this condition in the absence of waiver or estoppel by the insurer. *Dubois v. Pouliot,* 97 N.H. 78, 81 A.2d 305 (1951); 2 Long, Law

of Liability Insurance *s.* 20.02 (1972). A denial of all liability by the insurer can render this condition inoperative. *Albert* v. *Maine Bonding & Casualty Co.,* 144 Me. 20, 64 A.2d 27 (1949); *see* 14 Couch, Insurance 2d *ss.* 51.65, 51.66 (1964); Annot., 49 A.L.R.2d 694, 744 (1956).

The agreed facts state that Transformer sued Westland Oil in Montana; that Merchants intervened in the action; and that, after several days of trial, the parties settled the action with prejudice. The Government was not a party to the action. The record before us contains nothing to indicate that Transformer's obligation to pay the Government has "been finally determined either by judgment against the insured after actual trial or by written agreement . . . ." It follows that the second question is answered "Yes," until such time as condition 7 of the policy has been complied with. *Dubois* v. *Pouliot supra.*

The third question is whether RSA 491:22-a (supp.) applies to the pending action. This section adopted June 20, 1969, effective August 19, 1969 (Laws 1969, Ch. 255), reads as follows: "In any petition . . . [for declaratory judgment] to determine the coverage of a liability insurance policy, the burden of proof concerning the coverage shall be upon the insurer whether or not he institutes the petition or the claimant asserting the coverage institutes the petition." Prior thereto the law was well established in this jurisdiction that in such a proceeding the burden of establishing coverage rested on the insured. *Raymond* v. *Indemnity Co.,* 86 N.H. 93, 163 A. 713 (1932); *Hardware Mut. Cas. Co.* v. *Hopkins,* 106 N.H. 412, 213 A.2d 692 (1965).

The fire involved took place October 27, 1962. The petition for declaratory judgment was filed January 9, 1969. Both preceded the August 19, 1969, effective date of the section in question. The reserved case with the agreed statement of facts transferring the questions before us was dated July 10, 1971, almost two years after the effective date of this law.

Petitions for declaratory judgments are means created by the legislature for determining rights of parties at an earlier date than would be possible otherwise. *Faulkner* v. *Keene,* 85 N.H. 147, 155 A. 195 (1931). They are sui generis as they

partake of some of the characteristics of both law actions and equity proceedings. *American Employers' Ins. Co.* v. *Liberi,* 101 N.H. 480, 147 A.2d 306 (1958); 22 Am. Jur. 2d Declaratory Judgments *s.* 2 (1965). We are of the opinion that RSA 491:22-a (supp.), which statutorily shifts the burden of establishing coverage from the insured to his insurer, accomplishes an important change in the rights of the parties in such proceedings. *See Clark* v. *Railroad,* 87 N.H. 434, 436, 182 A. 175, 177 (1935). We hold that RSA 491:22-a (supp.) is to be interpreted as intended by the legislature to be applied prospectively to petitions filed after its stated effective date of August 19, 1969. Consequently the answer to transferred question No. 3 is "No."

*Remanded.*

All concurred.