Hillsborough
No. 6869

MARY LOU BELKNER, ADMINISTRATRIX
OF THE ESTATE OF DENISE ROYER

v.

ROBERT PRESTON & a.

January 31, 1975

16

*Devine, Millimet, Stahl & Branch (Mr. Shane Devine* orally) for the plaintiff.

*Eaton, Eaton, Moody & Solms* and *Wiggin, Nourie, Sundeen, Pingree & Bigg* and *Jeffrey B. Osburn (Mr. Osburn* orally) for defendant Robert Preston.

*Sulloway, Hollis, Godfrey & Soden* and *Martin Gross (Mr. Gross* orally) for defendant Boston & Maine Corp.

*Kfoury & Williams* and *Sheehan, Phinney, Bass & Green* and *Joseph F. Devan* and *Claudia Damon (Ms. Damon* orally) for defendant Anderson, Moore & Preston Oil Co., Inc.

KENISON, C.J. These tort actions for negligence and consequential damages arise from an accident that occurred in Manchester on July 22, 1970, in which plaintiff's decedent, Denise Royer, sustained extensive personal injuries when she fell, allegedly due to hazardous conditions maintained by defendants. Litigation was prosecuted by Royer in Hillsborough County Superior Court against Robert Preston, Boston & Maine Corp., and Anderson, Moore & Preston Oil Co., Inc., until her death on June 12, 1972. Belkner, Royer's mother and administratrix, moved to be substituted as plaintiff in the case on May 25, 1973. Defendants filed motions to abate in reliance on RSA 556:10. At a hearing on defendants' motions, *Mullavey,* J., granted plaintiff's motion to transfer without ruling the question of whether the limitations period of RSA 556:10 (under which the time allowed for the administrator to be substituted after the decease of the plaintiff depends on the number of terms of the superior court in the county where the action is brought) violates plaintiff's right to equal protection of the laws. U.S. CONST. amend XIV.

By providing for the survival of tort actions after plaintiff's death, RSA 556:9-14 created a new cause of action in this State. *Ghilain v. Couture,* 84 N.H. 48, 54, 146 A. 395, 399 (1929). RSA 556:9 (Survival of Tort Actions) states that "[a]ctions of tort for physical injuries to the person . . . shall survive to the extent, and subject to the limitations, set forth in the five following sections, and not otherwise." RSA 556:10 (Pending Actions) limits the extent of survival by specifying that "[i]f such an action is pending at the time of the decease of one of the parties it shall abate and be forever barred, unless the administrator of the deceased party, if the deceased party was plaintiff, shall appear and assume prosecution of the action before the end of the second term after the decease of such party . . . ."

At the time RSA 556:10 was originally enacted (P.S. 1891, ch. 191, § 9), nine of the State's ten counties had two terms annually while Rockingham County had three terms. *See* P.S. 1891, ch. 206, § 3. Currently, six counties including Hillsborough have three terms annually; four still have only two terms each year. RSA 496:1 II (Terms of the Superior Court: Time, Place) empowers the superior court to determine the times and places for holding the terms but requires that terms be held at least twice annually. *See* N.H. Judicial Council, Fourth Biennial Report 25-26 (1952).

If RSA 556:10 does not violate the equal protection clause of the fourteenth amendment, its application to the facts of this case would bar plaintiff's action. *Costoras v. Noel,* 101 N.H. 71, 72, 133 A.2d 495, 497 (1957). The first superior court term in Hillsborough County after Royer's demise began September 12, 1972, and ended January 1, 1973; the second term began on January 2, 1973, and ended April 2, 1973. Plaintiff did not file until May 25, 1973, during the third term following Royer's death.

Although equal protection of the laws does not require complete equality in the face of factual differences, it does mandate that those who are similarly situated be similarly treated. *State v. Scoville,* 113 N.H. 161, 163, 304 A.2d 366, 369 (1973); *Tigner v. Texas,* 310 U.S. 141, 147 (1940); *see State v. Griffin,* 86 N.H. 609, 615, 186 A. 923, 926 (opinion of Doe, C.J., 1894). Determining whether a particular statute violates this mandate entails consideration of the circumstances behind the law, the interest of the State in promulgating it, and the interests of those disadvantaged by the law. *Dunn v. Blumstein,* 405 U.S. 330, 335 (1972); *Williams v. Rhodes,* 393 U.S. 23, 30 (1968). In analyzing these considerations a two-level approach has been followed. *Developments in the Law-Equal Pro-*

*tection*, 82 Harv. L. Rev. 1065, 1076-87 (1969). Where either a "suspect" classification (*i.e.*, race, alienage, nationality, and probably, sex) or a "fundamental interest" (*i.e.*, procreation, interstate travel, voting, first amendment rights) is involved, state statutes are subjected to strict judicial scrutiny with the result that there must be a compelling state interest to sustain the legislation. Absent either a "suspect" classification or a "fundamental interest", the statute need only bear a rational relationship to the espoused or court-supplied purpose. *Peters v. University of N.H.*, 112 N.H. 120, 121, 289 A.2d 396, 397 (1972); *Jefferson v. Hackney*, 406 U.S. 535, 546 (1972); *McGowan v. Maryland*, 366 U.S. 420, 426 (1961); *see* Tussman and tenBroek, *The Equal Protection of the Laws*, 37 Calif. L. Rev. 341 (1949).

Recently, this two-tier approach to equal protection problems has been criticized as being an insensitive analytical device for dealing with the range of issues lying between the extremes. *The Supreme Court: 1973 Term*, 88 Harv. L. Rev. 41, 115 (1974); *The Supreme Court: 1972 Term*, 87 Harv. L. Rev. 1, 114 (1973); Gunther, *In Search of Evolving Doctrine on a Changing Court: A Model for a Newer Equal Protection*, 86 Harv. L. Rev. 1, 17-20 (1972). But despite criticism the two-level analysis remains viable. *Memorial Hospital v. Maricopa County*, 415 U.S. 250, 254 (1974); Note, *The New, New Equal Protection*, 72 Mich. L. Rev. 508, 533 (1974); *Frontiero v. Richardson*, 411 U.S. 677, 688 (1973).

Neither a "suspect" classification nor a "fundamental interest" is involved in this case. The procedural qualification of a citizen's access to the courts in civil matters does not require that the State furnish a compelling interest to justify its actions. *Hodgdon v. Gallagher*, 113 N.H. 185, 186, 304 A.2d 375, 376 (1973); *Ortwein v. Schwab*, 410 U.S. 656, 660 (1973); *United States v. Kras*, 409 U.S. 434, 444-47 (1973); *see* Comment, 24 Am. U.L. Rev. 129, 157 (1974). Therefore, the applicable standard for testing the constitutionality of RSA 556:10 is whether the statute has a rational basis. To ascertain if RSA 556:10 passes the rational basis test, two inquiries must be made: determination of the purpose of RSA 556:10, and finding of a reasonable relationship between the purpose and classifications made by the statute. A reasonable classification is one that includes all those similarly situated with regard to the purpose of the law. Tussman and tenBroek, *supra* at 346.

The primary purpose of RSA 556:10 is to allow for the survival of pending tort actions. *Niemi v. Railroad*, 87 N.H. 1, 9, 173 A. 361, 366 (1934); *Ghilain v. Couture*, 84 N.H. 48, 54, 146 A. 395,

399 (1929). Ancillary to this purpose is the limitation requiring administrators to prosecute pending actions within two terms after the original plaintiff's death. Since the length of a court term depends on the number of terms per year established in each county by the superior court pursuant to RSA 496:1 II, the time limitation for filing varies from county to county. In those counties with three superior court terms annually the litigant has approximately eight months in which to file, whereas in those counties with two terms each year, the litigant has twelve months. By its reference to superior court terms, RSA 556:10, in effect, classifies litigants according to the number of terms in the county in which they institute the action.

This classification is sustainable if it is reasonably related to the statutory purpose of allowing the survival of pending actions. It is reasonable to provide different time limits for instituting actions when those limits reflect a difference in fact. *See e.g., Sellers v. Edwards,* 265 So. 2d 438, 440 (Sup. Ct. Ala. 1972); *Belansick v. Overlake Memorial Hospital,* 80 Wash. 111, 116, 492 P.2d 219, 221-22 (1971). But under RSA 556:10, a distinction is made between persons similarly situated without reference to factual differences. Two litigants may be subjected to two different periods of limitation under RSA 556:10 simply by virtue of which county the action was brought in. The only rationale for this distinction offered by the defendants, and the only one suggested is that the interaction of RSA 556:10 and RSA 496:1 II allows for "automatic acceleration" of the cases. According to this view it is reasonable to require earlier substitution of parties in more populous counties (*i.e.,* those with three-court terms) in order to accommodate heavier case-loads by making cases move more quickly through the judicial process.

While a difference in county population may reasonably justify a different number of court terms, it does not justify a difference in the time allowed for substituting an administrator in a pending tort action. The difference in the time allowed bears no rational relationship to the statutory purpose of providing for the survival of pending tort actions; as to those litigants in counties with three terms, the provision operates to defeat the statute's purpose to limit the extent of survival. Under these circumstances the differential impact of RSA 556:10 violates the fourteenth amendment's guarantee of equal protection of the laws. *Lorton v. Brown County Community School Dist. No. 1,* 35 Ill. 2d 362, 220 N.E.2d 161, 163 (1966); *Gillespie v. Pickens County,* 197 S.C. 217, 228, 14 S.E.2d 900, 903-04 (1941).

Defendants maintain, however, that if the time limit for substituting the administrator of a deceased party under RSA 556:10 is unconstitutional, then the entire statute must also fall, thereby depriving plaintiff of her cause of action. A portion of a statute may be stricken as unconstitutional if it appears that the legislature would have enacted the statute without the offending provision. *Fernald v. Bassett,* 107 N.H. 282, 285, 220 A.2d 739, 742 (1966); *The Employers' Liability Cases,* 207 U.S. 463, 501 (1908). Because the primary purpose of RSA 556:10 was to preserve a cause of action by allowing substitution of a deceased's administrator in a pending suit, the differential time limit for such actions may be declared unconstitutional without affecting the entire statute's constitutionality.

Accordingly, we hold that the requirement of RSA 556:10 that the administrator assume prosecution of the action before the end of the second term after the decease of the plaintiff is unconstitutional to the extent that it allows administrators in counties with three terms less time to assume prosecution of actions. Plaintiff in this case should be allowed the same amount of time (one year) to file as plaintiffs in actions similarly situated in counties with only two superior court terms.

*Remanded.*

All concurred.