Hillsborough
No. 6553

PEERLESS INSURANCE COMPANY

v.

IRENE VIGUE; JAMES VIGUE; LEO J. POULIN

September 30, 1975

*Wiggin, Nourie, Sundeen, Pingree & Bigg* and *William S. Orcutt* *(Mr. Orcutt* orally) for the plaintiff.

*Louis Faustini,* by brief and orally, for the defendant Poulin.

*Green, Sullivan & Green* for the defendants Vigue, filed no brief.

DUNCAN, J. This is a petition for declaratory judgment to determine whether the plaintiff insurance company must indemnify defendant James Vigue as an insured under an automobile liability policy issued to his wife Irene. The policy issued by the plaintiff insured a 1964 Ford automobile. On July 11, 1967, while James Vigue was operating the insured vehicle it collided with a parked car owned by Leo J. Poulin. The standard provisions of the policy provided property damage coverage on behalf of the insured within the statutory limits. RSA 268:1, :15, :16, and :19. However since James Vigue's license to operate a motor vehicle had been revoked when the policy was issued, it carried the following attached endorsement: "It is agreed that the insurance afforded by this policy shall not apply with respect to any claim arising from accidents which occur while any automobile is being operated by James L. Vigue."

The plaintiff insurer disclaimed coverage and brought this petition in February 1968. The petition was heard by the Superior Court *(King,* J.) in 1970. By agreement of the parties the Court *(Loughlin,* J.) on August 1, 1972, decided the case on the basis of the transcript of the 1970 hearing, and ruled subject to the plaintiff's exception that the plaintiff is required to indemnify James Vigue and to defend a pending law action brought against him to recover for property damage to the Poulin vehicle. The

issues presented were reserved and transferred by the presiding justice.

RSA 268:1 VII (Supp. 1973) defines a motor vehicle liability policy as one which provides "(a) indemnity for or protection to the insured . . . against loss by reason of the liability to pay damages to others for damage to property . . . ." RSA 268:18 provides that no policy other than the type specifically defined in RSA 268:1 VII (Supp. 1973) shall be issued or delivered in this State. RSA 268:16 provides that such a policy is subject to specified provisions, which need not be contained therein, including the following: "II. The policy, the written application therefor, if any, and any rider or indorsement, which shall not conflict with the provisions of this chapter, shall with the provisions of this section and any other applicable statutes constitute the entire contract between the parties."

The policy issued to Irene Vigue provided: "The following are insureds . . . . With respect to the owned automobile, (1) the named insured and any resident of the same household." Also, "named insured" was defined to include the spouse of the named individual, if a resident of the same household. Under the terms of the policy, permissive use was required only when "any other person" used the insured's automobile. Thus, the issues presented are whether the coverage mandated by RSA ch. 268 may be constricted by agreement, and if not, whether the defendant James Vigue falls within the class entitled to be indemnified under the policy and the statute.

The paramount purpose of the Financial Responsibility Act is not to protect the tort-feasor, but to provide compensation to persons harmed by the negligent operation of motor vehicles. *Farm Bureau Ins. Co. v. Martin,* 97 N.H. 196, 199, 84 A.2d 823, 825 (1951); *see* 1 R. Long, The Law of Liability Insurance § 3.24 (1975); 7 J. Appleman, Insurance Law and Practice § 4295 (1962). The parties to an insurance contract may not by agreement limit the required coverage in contravention of the statute. *Makris v. State Farm Mut. Automobile Ins. Co.,* 267 So. 2d 105, 108 (Fla. Ct. App. 1972); *Nationwide Mut. Ins. Co. v. Aetna Life and Casualty Co.,* 283 N.C. 87, 92-93, 194 S.E.2d 834, 837 (1973).

RSA 268:1 VII (a) (Supp. 1973), in conjunction with RSA 268:18, requires that an automobile liability policy issued in this State shall provide indemnity to the insured against negligent operation of the insured vehicle. It does not distinguish between qualified and unqualified, or licensed and unlicensed, operators.

The endorsement excluding coverage for James L. Vigue was "in conflict with" the statutory provisions and by virtue of RSA 268:16 II could be no valid part of the contract of the parties. It therefore was invalid and of no effect. *Hibdon v. Casualty Corp. of America, Inc.,* 504 P.2d 878 (Okla. Ct. App. 1972); *Makris v. State Farm Mut. Automobile Ins. Co. supra; Nationwide Mut. Ins. Co. v. Aetna Life and Casualty Co. supra.*

The illegality of the exclusion does not operate to invalidate the remaining provisions of the contract. *See* 6A A. Corbin, Contracts § 1520 (1962); 17 Am. Jur. 2d *Contracts* § 230 (1964). Other than purporting to exclude coverage for James L. Vigue, the endorsement did not modify the applicable coverage definitions contained in the policy. Since Peerless does not contest the fact that James L. Vigue was Irene Vigue's spouse and a resident of the same household at the time of the accident, any inquiry into whether his use or possession of the insured vehicle was with her consent was immaterial. *See* RSA 268:16 II; *Allstate Ins. Co. v. Page,* 105 N.H. 410, 200 A.2d 851 (1964). So also was the issue of the burden of proof concerning coverage under RSA 491:22-a (Supp. 1973), effective August 19, 1969. *See Merchants Mut. Ins. Co. v. Transformer Serv. Inc.,* 112 N.H. 360, 298 A.2d 112 (1972).

The ruling of the trial court is sustained. *See* RSA 268:16 I.

*Plaintiff's exception overruled; judgment for the defendants.*

GRIMES, J., dissented; the others concurred.

GRIMES, J., dissenting:

RSA 268:16 II provides that "the policy, the written application therefor, if any, and *any rider or endorsement, which shall not conflict with the provisions of this chapter,* shall with the provisions of this section and any other applicable statutes constitute the entire contract between the parties." (Emphasis added.) It is clear therefore that the endorsement excluding James Vigue from coverage is valid unless it conflicts with some provision of RSA ch. 268. The fact that in the body of the policy itself, Vigue, as spouse of the named insured, would be an insured does not prevent him from being expressly excluded by the endorsement unless it conflicts with the statute.

Nowhere in the statutes cited by the court is there any requirement that, with respect to the owned automobile, the spouse must be covered. Such a provision is included in RSA 268:1 VII (b)

(Supp. 1973) as to nonowned vehicles, but it is conspicuously absent from any other part of the statute. I can reach no other conclusion but that the endorsement is effective as to this accident and that the policy does not provide coverage.