Sullivan
No. 79-331

## HENRY A. BURKE & a.

v.

## FIREMAN'S FUND INSURANCE COMPANY

May 12, 1980

*Upton, Sanders & Smith,* of Concord (*Ernest T. Smith, III,* orally), for the plaintiffs.

*Calderwood, Ouellette, Hallisey & Dibble,* of Dover (*Dennis L. Hallisey* orally), for the defendant.

*Sulloway, Hollis & Soden,* of Concord (*Stephen M. Duprey* orally), for the American Insurance Association, National Association of Independent Insurers and Alliance of American Insurers, as amici curiae.

GRIMES, C.J.   The issue in this interlocutory appeal is whether the plaintiffs can maintain a direct cause of action against the defendant insurer by virtue of RSA 268:16 I. We hold that they cannot.

The facts of this case are undisputed. On January 10, 1974, the plaintiff, Henry A. Burke, was the operator of an automobile involved in an accident in New London, New Hampshire, with an automobile owned and operated by M. Roy London. Mr. London died on January 24, 1974. *See London v. Perreault*, 118 N.H. 392, 387 A.2d 342 (1978). At the time of the collision, there was an automobile liability policy in effect between Mr. London and the defendant, Fireman's Fund Insurance Company (hereinafter the insurer). On January 29, 1974, Letters of Administration were issued in the estate of M. Roy London by the Merrimack County Probate Court. It is undisputed, however, that the plaintiffs made no claim against the administrator of the estate in accordance with RSA ch. 556.

By writ of summons dated February 13, 1979, the plaintiffs brought a direct action against the insurer. In response, the insurer moved to dismiss on the grounds, *inter alia*, that there existed no statutory or contractual basis for the action. The Trial Court (*DiClerico*, J.) denied the insurer's motion, ruling that a direct cause of action against an insurer exists by virtue of RSA 268:16 I. The insurer appeals this ruling arguing that the plaintiffs may not proceed directly against it under RSA 268:16 I without first obtaining a judgment against the insured, now barred by RSA ch. 556. We agree.

Purporting to establish required provisions for motor vehicle liability policies, RSA 268:16 I provides:

> *The liability of any company under a motor vehicle liability policy shall become absolute whenever loss or damage covered by said policy occurs,* and the satisfaction by the insured of a final judgment for such loss or damage shall not be a condition precedent to the right or duty of the company to make payment on account of said loss or damage. No agreement between the company and the insured after the insured has incurred liability for loss or damage covered by the policy shall operate to defeat the company's liability to pay for such loss or damage.

(Emphasis added.) Relying on the emphasized language, the

plaintiffs assert that the statute imposes absolute coverage upon the insurer and that they may proceed, by a direct action against the insurer, to enforce that obligation. We have never accorded such a sweeping effect to the language of RSA 268:16 I.

■■  Before the insurer's duty to provide indemnity arises, the plaintiff must first have the liability of the insured judicially imposed. *Merchants Mut. Ins. Co. v. Transformer Serv. Inc.*, 112 N.H. 360, 298 A.2d 112 (1972); *see Forbes v. Boynton*, 113 N.H. 617, 623, 313 A.2d 129, 133 (1973). Such a view corresponds with the further language of RSA 268:16 I: "[u]pon the recovery of a final judgment against any person . . . if the judgment debtor was, at the accrual of the cause of action, protected against liability therefor . . . the judgment creditor shall be entitled to have the insurance money applied to the satisfaction of the judgment." Absent such a judicial determination of the insured's liability, the injured party may not proceed directly against the insurer.

■  "The word 'absolute' . . . means that there shall be no defenses to the liability of the insurer based upon any statement made by the insured or on his behalf or upon any exclusions, conditions, terms or language contained in the policy." *Farm Bureau Ins. Co. v. Martin*, 97 N.H. 196, 200, 84 A.2d 823, 826 (1951). In an earlier case, we observed that "[t]he act is unqualified in its provision that *conduct of the insured avoiding the policy as to him shall not avoid it as to those to whom he is under insured liability*." *Bosse v. Insurance Co.*, 88 N.H. 440, 443, 190 A.2d 715, 717 (1937) (emphasis added).

■  The plaintiffs' argument that RSA ch. 268 in effect makes automobile liability policies the equivalent of surety agreements is clearly erroneous. RSA ch. 268 regulates policies providing "*indemnity* for or protection to the insured . . . against loss by reason of the liability to pay damages to others . . . ." RSA 268:1 VII (emphasis added). More than forty years ago, this court observed that "[t]he plan of the act [is] to *furnish indemnity to the insured and protection to those to whom he may become liable. . . .*" *Bosse v. Insurance Co.*, 88 N.H. 440, 443, 190 A. 715, 717 (1937) (emphasis added). More recently, we noted that RSA ch. 268 "requires that an automobile liability policy issued in this State *shall provide indemnity to the insured* against negligent operation of the insured vehicle." *Peerless Ins. Co. v. Vigue*, 115 N.H. 492,

494, 345 A.2d 399, 400 (1975) (emphasis added). Absent a judgment against the insured, there is no right to indemnity.

As we noted above, the plaintiffs have at no time commenced an action against the decedent's estate. RSA 556:11 provides that actions not otherwise barred must be brought against the estate within two years of the death of the decedent. *See Perutsakos v. Tarmey*, 107 N.H. 51, 217 A.2d 177 (1966). Inasmuch as the parties concede that no action was brought against the estate of M. Roy London within the statutory limit, the plaintiffs' suit is now barred. *E.g., Dubois v. Pouliot*, 97 N.H. 78, 81 A.2d 305 (1951).

The plaintiffs attack this result, arguing that the limitation contained in RSA 556:11 requiring suit within two years of the death of the decedent violates the equal protection clause of the fourteenth amendment. *See Belkner v. Preston*, 115 N.H. 15, 332 A.2d 168 (1975). Ordinarily, persons injured by the negligent operation of motor-vehicles upon New Hampshire highways have six years in which to institute suit. RSA 508:4. By virtue of RSA 556:11, however, upon the death of the tortfeasor, their period in which to bring suit may be reduced. The plaintiffs argue that this constitutes an impermissible distinction between persons similarly situated. We do not agree.

As we observed in the *Belkner* case, the "procedural [limitation] of a citizen's access to the courts in civil matters does not require that the State furnish a compelling interest to justify its actions." 115 N.H. at 18, 332 A.2d at 171. RSA 556:11 provides for the survival of actions that would have otherwise abated at common law. *Hall v. Brusseau*, 100 N.H. 87, 119 A.2d 703 (1956). However, it limits the time in which such actions may be brought in order to expedite the administration of estates. *See, e.g., Heath v. Cleveland*, 104 N.H. 451, 189 A.2d 488 (1963); 54 C.J.S. *Limitations of Actions* § 246 (1948). Unlike the statutory provision considered in *Belkner*, the difference in time afforded to bring suit against a decedent's estate bears a rational relation to a reasonable statutory goal. 115 N.H. at 19, 332 A.2d at 171. The plaintiffs' equal protection challenge must therefore fail. Accordingly, the decision of the trial court is reversed.

*Reversed.*

All concurred.