**Dale H. HIBDON et al., Appellees,**

v.

**CASUALTY CORPORATION OF AMER-ICA, INC., Appellant.**

**No. 43621.**

Court of Appeals of Oklahoma, Division No. 2.

June 27, 1972.

Rehearing Denied Sept. 7, 1972.

Certiorari Denied Dec. 5, 1972.

Released by the Supreme Court for Official Publication Dec. 5, 1972.

Thomas W. Woody, and Doyle C. Scott, Scott, Groom & Crabb, Oklahoma City, for appellees Billy N. McCurley and Alice McCurley.

Lawrence H. McMillin, Lawrence H. McMillin and Lowell E. Clifton, Oklahoma City, for appellant.

BACON, Judge.

The issue to be decided in this appeal is whether a passenger exclusion provision in a motor vehicle liability insurance policy is invalid and contrary to the Oklahoma Financial Responsibility Act.

The record reflects that Casualty Corporation of America, Inc. (hereinafter referred to as appellant) issued a motor vehicle liability policy insuring Dale H. Hibdon. Appellant filed a certification of such policy as proof of financial responsibility for the future (commonly known as an SR–22) on Mr. Hibdon, and further certified that the policy was issued as required by the Oklahoma Financial Responsibility Act (hereinafter referred to as the O.F.R. Act) to secure Mr. Hibdon's drivers license. Under the "Exclusions" portion of the policy, the following language is found:

"This policy does not apply:

. . . . . .

(f) under coverage A, [liability provisions] to injury to or death of any person riding in the named automobile at the time of the accident, and this shall include the named insured and additional named insured.

. . . . . ."

Thereafter, on June 17, 1967, while the policy was in effect, Mr. Hibdon was driving the insured automobile and was involved in an accident. Appellee, Billy N. McCurley, was a passenger in the Hibdon automobile and was injured in the accident. McCurley subsequently filed suit and recovered a judgment against Hibdon in the amount of $12,500, which became final. [Two other passengers in the Hibdon auto were injured also and had suits pending, but are not parties hereto.] Appellant defended Hibdon in the McCurley suit under a reservation of rights. McCurley then filed the present proceeding in garnishment against appellant on the policy issued Hibdon and appellant denied liability based upon the passenger exclusion clause in the policy.

The cause was tried to the court which found that the passenger exclusion provision in the policy was "contrary to the provisions of the Oklahoma Financial Respon-

sibility Law and is void," and rendered judgment against appellant on the policy. It is from this judgment that the insurance company appeals.

The sole assignment of error argued by appellant reads as follows:

"The trial court erred in concluding that the passenger exclusion in the policy issued by garnishee was contrary to the Safety Responsibility Law and void."

To place the issue to be decided herein in its proper perspective, it seems necessary to first examine the O.F.R. Act and its purpose, and then determine if the exclusion in question transgresses that act to the extent, if any, that the exclusion is void.

Appellant takes the position that the passenger exclusion is not against public policy nor is it prohibited by statute, therefore it is valid and enforceable. Neither party cites, nor has our research found, a case "on all fours" with the one now before us. There appears to be a split of authority in the various states on the question of whether a passenger exclusion clause is against public policy, and appellant cites those cases.

■ Appellant cites textbook law and general laws on the right of an insurer to impose conditions, limitations and exclusions upon their insured. Of course, an insurer has a right to prevent the insured from recovering regardless of what or how the damage occurs. However, the law cited by appellant also dictates that those conditions, limitations and exclusions imposed in the insurance contract will not be valid if they contravene "statutory inhibitions or public policy." Thus, appellant takes the position that the O.F.R. Act, 47 O.S.1971 §§ 7–101 to 8–104, does not specifically prohibit the passenger exclusion clause, and therefore is valid.

Appellant then focuses its main argument around 47 O.S.1971 § 8–101(d) which applies to rented vehicles, and reads as follows:

"Said policy or policies need not cover any liability incurred by the renter of any vehicle to any passenger in such vehicle."

Appellant urges that since the Oklahoma Legislature specifically allowed passenger exclusions on rental vehicles, their intent would be the same as to other vehicles.

In summary, appellant's argument is that the passenger exclusion provision is not void as against public policy; that it is not specifically prohibited by statute; that it is specifically allowed as to rented vehicles; and that an insurer has the right to exclude or impose whatever conditions desired in its policy, provided it is not against public policy or in contravention of statutory inhibitions. On these bases, appellant concludes it was error for the trial court to hold the passenger exclusion provision void as contrary to the O.F.R. Act.

Appellees, on the other hand, cite 47 O.S.1971 § 7–324 which reads in part:

"(a) Certification. A 'motor vehicle liability policy' as said term is used in this chapter shall mean an 'owner's policy' or an 'operator's policy' of liability insurance, certified as provided in section 7–321 or section 7–322 as proof of financial responsibility for the future, and issued, except as otherwise provided in section 7–322, by an insurance carrier duly authorized to transact business in this state, to or for the benefit of the person named therein as insured.

"(b) Owner's policy. Such owner's policy of liability insurance:

1. Shall designate by explicit description or by appropriate reference all vehicles with respect to which coverage is thereby to be granted; and

2. *Shall insure* the person named therein and any other person, as insured, using any such vehicle or vehicles with the express or implied permission of such named insured, *against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such vehicle* or vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs, with

respect to each such vehicle, as follows: Five Thousand Dollars ($5,000.00) because of bodily injury to or death of one person in any one accident and, subject to said limit for one person, Ten Thousand Dollars ($10,000.00) because of bodily injury to or death of two or more persons in any one accident, and Five Thousand Dollars ($5,000.00) because of injury to or destruction of property of others in any one accident.

"(c) Operator's policy. Such operator's policy of liability insurance shall insure the person named as insured therein against loss from the liability imposed upon him by law for damages arising out of the use by him of any motor vehicle not owned by him, within the same territorial limits and subject to the same limits of liability as are set forth above with respect to an owner's policy of liability insurance.

"(d) . . . .

"(e) Policy need not insure workmen's compensation, etc. Such motor vehicle liability policy need not insure any liability under any workmen's compensation law nor any liability on account of bodily injury to or death of an employee of the insured while engaged in the employment, other than domestic, of the insured, or while engaged in the operation, maintenance or repair of any such vehicle nor any liability for damage to property owned by, rented to, in charge of or transported by the insured." (emphasis ours)

Appellees argue that the O.F.R. Act, through § 7–324, requires the policy to insure "against loss from the liability imposed by law for damages arising out of the *ownership, maintenance or use* of such vehicle . . . ." (emphasis ours) Appellees further argue that the intended purpose of the O.F.R. Act is to make a driver or owner of a vehicle financially responsible for "any liability imposed by law for damages arising out of the . . . use of such vehicle." Appellees urge that a passenger can sue a driver subject to

certain limitations and/or conditions, and thus under the present case appellee McCurley did sue and recover a judgment from the driver. So there can be little doubt, if any, that appellees would come within the group to which the law imposes liability for their losses under § 7–324(b)2.

Therefore, the remaining question posed by appellees concerns whether appellant can exclude a liability imposed by law, in this case, loss by a passenger. Our attention is then directed by appellees to § 7–324(e) which gives the insurer the right to exclude from the policy any liability to employees while engaged in insured's employment, or any liability under any workmen's compensation law. No mention is made of any right to exclude any other group or class of individuals, outside of or riding in the vehicle. Appellees therefore reason that a passenger exclusion such as in the present case is contrary to the O.F.R. Act and is therefore void.

It should be noted that when interpreting a statute or statutes, our function is to attempt to arrive at the intention of the legislature when they passed the statute or statutes. The predecessor of § 7–324(e) (47 O.S.1951 § 521(e)) expressly permitted the passenger exclusion from a policy of liability when it read:

"Such motor vehicle liability policy need not insure . . . any liability on account of bodily injury to or death of a *guest passenger or member of the family of the insured residing in the same household* . . . ." (emphasis ours)

In 1961 the legislature amended § 521(e) to read exactly the same except they deleted that portion above emphasized in italics and inserted in its place, "an employee of the insured while engaged in the employment . . . ." Appellees then argue the legal principle that a statutory amendment indicates legislative intent to change or alter the law, citing Irwin v. Irwin, Okl., 433 P.2d 931 (1965); Tom P. McDermott, Inc. v. Bennett, Okl., 395 P.2d 566 (1964); Darby v. Oklahoma Tax Commission, 201 Okl. 159, 202 P.2d 978 (1949).

There is nothing in the O.F.R. Act which authorizes the parties to an insurance contract to contract around the act, so we therefore must conclude the legislature only intended to exclude that group of *persons* set forth in § 7–324(e). To place any other interpretation upon § 7–324 would be to read a group of persons (passengers) into that category which can be excluded; which would violate § 7–324(b)2 under which a driver can be held responsible to a passenger. Seventeen Hundred Peoria, Inc. v. City of Tulsa, Okl., 422 P.2d 840 (1966). The maxim of construction "expressio unius este exclusio alterious" [mention of one thing in a statute implies exclusion of another, In Re Arbuckle Master Conservancy Dist., Dist.Ct., Murray County, No. 9660, Okl., 474 P.2d 385 (1970)] would apply in interpreting § 7–324(e). Therefore, when expressing that a group or groups of persons can be excluded in a policy, by such expression the legislature intended to prevent the insurer from excluding other groups.

When reading the statutes "in pari materia," there can be no doubt that the legislature intended that when an insurer certifies that his insured is financially responsible for any loss caused by the use of the vehicle, there is no discernible legislative intention that allows passengers to be excluded (except in the case of rented cars, which are provided for under an entirely separate chapter). State ex rel. Otjen v. Mayhue, Okl., 476 P.2d 317 (1970).

We believe and hold that the intention of the legislature in passing the O.F.R. Act was to make drivers and owners responsible for injury or loss they cause to any person, including passengers. We therefore hold the passenger exclusion in the motor vehicle liability policy is contrary to the intention of the O.F.R. Act and is therefore void. Such a holding does not preclude the insured (or insurer) from asserting its traditional defenses, such as assumption of risk, contributory negligence, imputed negligence, unavoidable casualty, sudden emergency, lack of negli-

gence or proximate cause, denial and/or any other defense available. Neither does this opinion affect any other exclusions written by an insurer in a policy since the issue here dealt exclusively with the O.F.R. Act. Motion for oral argument is denied and the judgment of the trial court is affirmed.

BRIGHTMIRE, P. J., and NEPTUNE, J., concur.