MOTOR VEHICLES
It is mandatory that a motor vehicle liability insurance policy issued on a motorcycle registered in the State of Oklahoma provide guest passenger personal insurance coverage. The Attorney General has considered your request for an opinion on the following question: "Is it mandatory that a motor vehicle liability insurance policy issued on a motorcycle registered in the State of Oklahoma provide guest passenger personal injury coverage?" In your letter requesting an opinion you state that the general policy of the Board has been to require guest passenger personal insurance coverage in all motor vehicle liability insurance policies except for policies issued on motorcycles. You state that in the case of a policy written solely and specifically on a motorcycle, passenger personal injury coverage is required only to be offered to the insured as an optional coverage. Further, that the reasons for such distinction are that some motorcycles are not equipped to carry a passenger and secondly, that the Board has been advised that many drivers of motorcycles, in consideration of their own personal safety, do not carry passengers. Consequently, you advise that the membership of the Board has felt that to require passenger personal injury coverage on policies written on motorcycles would force the insured to purchase unnecessary coverage for which they would be required to pay additional premium. Finally, you advise that recently several insurance companies have indicated that they will no longer issue liability policies in the State on motorcycles without including passenger personal injury coverage. As you indicate in your letter, 47 O.S. 7-601 [47-7-601] of the State Compulsory Liability Act requires every owner of a motor vehicle registered in the state to: ". . . Maintain in force with respect to such vehicle security for the payment of loss resulting from the liability imposed by law for bodily injury, death and property damage sustained by any person arising out of the ownership, maintenance, operation or use of the vehicle . . ." The Compulsory Liability Insurance Law was enacted in the Second Regular Session of the Thirty-fifth Oklahoma Legislature, and is now codified at 47 O.S. 7-601 [47-7-601] et seq. (1976). 47 O.S. 7-601 [47-7-601] continues to prescribe limits for the liability insurance requirement provided therein by adopting the definition of security contained in 47 O.S. 7-204 [47-7-204] of the State Financial Responsibility Law, 47 O.S. 7-701 [47-7-701] et seq. (1971). 47 O.S. 7-204 [47-7-204] of the Financial Responsibility Law establishes a requirement for deposit of security following an accident to a limit: ". . . Exclusive of interest and costs, of not less than Five Thousand Dollars ($5,000.00) because of bodily injury to or death of one person in any one accident, and subject to said limit for one person, to a limit of not less than Ten Thousand Dollars ($10,000.00) because of bodily injury to or death of two or more persons in any one accident, and if the accident has resulted in the injury to or destruction of property to a limit of not less than Five Thousand Dollars ($5,000.00) because of injury to or destruction of property of others in any one accident." As previously stated, 47 O.S. 7-601 [47-7-601] adopts the same 5/10/5 limits as minimum required coverage under the new Compulsory Liability Insurance Act. It is noted that neither 47 O.S. 7-204 [47-7-204] nor 47 O.S. 7-601 [47-7-601] attempts to except any person or group of persons to whom said benefits might ultimately inure in the event of injury sustained in an accident involving the covered vehicle. The term "motor vehicle" is defined under the State Highway Safety Code as: "Every vehicle which is self-propelled and every vehicle which is propelled by electric power obtained from overhead trolley wires, but not operated upon rails; provided, however, the definition of 'motor vehicle' herein shall not include implements of husbandry as defined in section 1-125 of this chapter." (Emphasis added) 47 O.S. 1-134 [47-1-134] (1971). "Motorcycle" is defined under the Code in the following manner: "Every motor vehicle having a seat or saddle for the use of the rider and designed to travel on not more than three wheels in contact with the ground, but excluding a tractor." (Emphasis added) 47 O.S. 1-135 [47-1-135] (1971). The Legislature has, therefore, expressly included motorcycle within the general definition of motor vehicle. We agree that the direct adoption by reference of the limits prescribed by 47 O.S. 7-204 [47-7-204] as the required security under 47 O.S. 7-601 [47-7-601] is indicative of a legislative intent to have identical minimum requirements for all liability policies, whether prescribed by the Compulsory Liability Insurance Act of the Financial Responsibility Law. In Hibdon et al. v. Casualty Corporation of America, Inc., Okl. App., 504 P.2d 878
(1972), the Court of Appeals of Oklahoma, Division No. 2, considered the effect of a passenger exclusion provision in a motor vehicle liability policy written on an automobile and concluded it to be contrary to the intention of the Financial Responsibility Law and therefore, void. The case involved a suit originally brought against appellee Hibdon by a passenger in his vehicle for injuries sustained in the accident involved. Judgment was obtained by the passenger. The appellant, Casualty Corporation of America, Inc., had defended Hibdon in the suit under a reservation of rights. Plaintiff then filed a garnishment proceeding against appellant, on the policy issued Hibdon and appellant denied liability based upon the passenger exclusion clause in the policy. Appellees argued that 47 O.S. 7-324 [47-7-324] of the Financial Responsibility Law required the policy to insure "against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such vehicle . . ." (Emphasis added by the Court) Appellees further argued that the intended purpose of the Financial Responsibility Law is to make a driver or owner of a vehicle financially responsible for any liability imposed by law for damages arising out of the use of such vehicle. Therefore, the question for determination by the Court was whether appellant could exclude a liability imposed by law, i.e., loss by a passenger. The Court considered the effect of 47 O.S. 7-324 [47-7-324](e), which gives the insurer the right to exclude from the policy any liability to employees while engaged in the insured's employment or any liability under any workman's compensation law. No mention is made in 47 O.S. 7-324 [47-7-324](e) of any right to exclude any other group or class of individuals. The Court proceeded to point out that, prior to the adoption of 47 O.S. 7-324 [47-7-324](e) in 1961, the then controlling statute relative to exclusions from a liability policy, 47 O.S. 521 [47-521](e) (1951), expressly permitted the passenger exclusion, reading: "Such motor vehicle liability policy need not insure . . . any liability on account of bodily injury to or death of a guest passenger or member of the family of the insured residing in the same household . . ." (Emphasis by the Court) The Court applied the legal principle that a statutory amendment indicates legislative intent to change or alter the law, citing cases. Thereafter, the Court opined as follows: "There is nothing in the O.F.R. Act which authorizes the parties to an insurance contract to contract around the act, so we therefore must conclude the Legislature only intended to exclude that group of persons set forth in 47 O.S. 7-324 [47-7-324](e). To place any other interpretation upon 47 O.S. 7-324 [47-7-324] would be to read a group of persons (passengers) into that category which can be excluded; which would violate 47 O.S. 7-324 [47-7-324](b)(2) under which a driver can be held responsible to a passenger. (Citation omitted) The maxim of construction 'expressio unius este exclusio alterious' mention of one thing in a statute implies exclusion of another (Citation omitted) would apply in interpreting 47 O.S. 7-324 [47-7-324](e). Therefore, when ex pressing that a group or groups of persons can be excluded in a policy, by such expression the Legislature intended to prevent the insurer from excluding other groups." The Court stated that when reading the statutes "in pari materia" there could be no doubt that the Legislature intended that when an insurer certifies that his insured is financially responsible for any loss caused by the use of the vehicle, there is no discernible legislative intention that allows passengers to be excluded. Re-hearing was denied in the Hibdon case on September 7, 1972. Certioria was denied and the opinion was released for publication by the Supreme Court on December 5, 1972. We likewise fail to find any discernible legislative intent to allow exclusion of passengers from coverage on policies written on motorcycles. Although the policy involved in Hibdon was written on an automobile, we feel the reasoning therein would be equally applicable to policies written on motorcycles, especially having heretofore noted that a motorcycle is expressly included in the definition of motor vehicle under the State Highway Safety Code. While it may well be true that not all motorcycles are equipped to carry passengers and further, that not all drivers of motorcycles that are so equipped do carry passengers, it is common knowledge that many are equipped and many drivers do. Additionally, on a practical matter, it is impossible to predict or determine with any degree of assurance those who will carry passengers and those who will not. The Legislature had the opportunity, when enacting the new Compulsory Liability Insurance Act, to prescribe an exception for motorcycles from the applicability of any portion of the Act, should it have been deemed necessary or proper to do so, but did not. We cannot assume that the failure to do so was unintentional. No reason appearing, therefore, to distinguish between motorcycles and other motor vehicles with regard to application of the Act, we conclude that the Hibdon decision is the only authority and is equally applicable to motorcycles as well as automobiles. It is, therefore, the opinion of the Attorney General that it is mandatory that a motor vehicle liability insurance policy issued on a motorcycle registered in the State of Oklahoma provide guest passenger personal insurance coverage. (WM. DON KISER)