The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following: May the Department of Vocational and Technical Education release information regarding school dropouts upon request from third parties ? Under the provisions of 70 O.S. 35 [70-35](e) (1978) certain requirements regarding information on school dropouts are set forth. The pertinent provisions require information, including name, address, race and age of any student dropping out of school, to be reported to the State Department of Education. It further provides: "B. The Oklahoma State Board of Education shall cause these statistics of school dropouts to be tabulated by grade and school district. Information of school dropouts shall be made available to the State Department of Vocational and Technical Education, the Oklahoma Indian Affairs Commission, the Bureau of Indian Affairs and the Department of Health, Education and Welfare." Under Oklahoma's general public records statute at 51 O.S. 24 [51-24] (1971) all public officials are required to keep, and make available to the public certain records except ". . . those required by law to be kept secret." Although Oklahoma has no express statutory provision which requires the information dealing with student statistic's to be kept secret, the Federal Family Education Rights and Privacy Act, at 20 U.S.C.A. 1232g(a)(1)(b)(1), prohibits the release of certain information regarding students by any agency receiving federal funds, except to those individuals, agencies, and organizations specifically set out in the statute. However, the Act goes on to provide that a State is not precluded from further restricting the agencies, individuals and organizations to whom information can be released. Under 70 O.S. 35 [70-35](e) (1978), Oklahoma has chosen to further restrict those agencies which may receive student dropout information to include only the Oklahoma Indian Affairs Commission, the State Department of Vocational and Technical Education, the Bureau of Indian Affairs, and the Department of Health, Education and Welfare. The specification of certain agencies in the statute gives rise to the implication that other agencies not specifically mentioned are excluded. Hibdon v. Casualty Corporation of America, Inc., 504 P.2d 878, (Okl.App. 1972). The State Department of Vocational and Technical Education is an administrative agency created by the Legislature and as such, has only those powers provided for by the Legislature. Adams v. Professional Practices Commission, Okl., 524 P.2d 932
(1974). The statutes creating the department and setting forth its powers and duties, at 70 O.S. 5-101 [70-5-101] et seq. (1971), do not authorize the release of the student information in question. It is, therefore, the official opinion of the Attorney General that the Department of Vocational and Technical Education may not release information supplied to it by the State Department of Education, pertaining to school dropouts, to third parties upon request. (KAY HARLEY JACOBS) (ksg)