The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: May an insurer limit liability coverage in a liability insurance policy issued to owners of motor vehicles pursuant to 47 O.S. 7-601 [47-7-601] et seq. (1976), through clauses, riders or endorsements which render coverage void under stated facts or conditions ? Title 47 O.S. 7-601 [47-7-601] (1976), provides: "Every owner of a motor vehicle registered in this state, other than a licensed used car dealer, shall, at all times, maintain in force with respect to such vehicle security for the payment of loss resulting from the liability imposed by law for bodily injury, death and property damage sustained by any person arising out of the ownership, maintenance, operation or use of the vehicle. As used herein 'security' means: "1. A policy or bond meeting the requirements of 47 O.S. 7-204 [47-7-204] of this title; "2. A deposit of cash or securities having the equivalency of limits required under 47 O.S. 7-204 [47-7-204] of this title as acceptable limits for a policy or bond; or "3. Self-insurance, pursuant to the provisions of 47 O.S. 7-503 [47-7-503] of this title, having the equivalency of limits required under 47 O.S. 7-204 [47-7-204] of this title as acceptable limits for a policy or bond." 47 O.S. 7-204 [47-7-204] provides in pertinent part: "(a) No policy or bond shall be effective under 47 O.S. 7-203 [47-7-203] unless issued by an insurance company or surety company authorized to do business in this state, except as provided in subdivision (b) of this section, nor unless such policy or bond is subject, if the accident has resulted in bodily injury or death, to a limit exclusive of interest and costs, of not less than Five Thousand Dollars ($5,000.00) because of bodily injury to or death of one person in any one accident and, subject to said limit for one person, to a limit of not less than Ten Thousand Dollars ($10,000.00) because of bodily injury to or death of two or more persons in any one accident, and if the accident has resulted in injury to or destruction of property to a limit of not less than Five Thousand Dollars ($5,000.00) because of injury to or destruction of property of others in any one accident." 47 O.S. 7-324 [47-7-324] provides in pertinent part: "(a) Certification. A 'motor vehicle liability policy' as said term is used in this chapter shall mean an 'owner's policy' or an 'operator's policy' of liability insurance, certified as provided in 47 O.S. 7-321 [47-7-321] or 47 O.S. 7-322 [47-7-322] as proof of financial responsibility for the future, and issued, except as otherwise provided in 47 O.S. 7-322 [47-7-322], by an insurance carrier duly authorized to transact business in this state, to or for the benefit of the person named therein as insured. "(b) Owner's policy. Such owner's policy of liability insurance: "1. . . . "2. Shall insure the person named therein and any other person, as insured, using any such vehicle or vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such vehicle or vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs, with respect to each such vehicle as follows: Five Thousand Dollars ($5,000.00) because of bodily injury to or death of one person in any one accident and, subject to said limit for one person, Ten Thousand Dollars ($10,000.00) because of bodily injury to or death of two or more persons in any one accident, and Five Thousand Dollars ($5,000.00) because of injury to or destruction of property of others in any one accident. "(c) Operator's policy. Such operator's policy of liability insurance shall insure the person named as insured therein against loss from the liability imposed upon him by law for damages arising out of the use by him of any motor vehicle not owned by him, within the same territorial limits and subject to the same limits of liability as are set forth above with respect to an owner's policy of liability insurance. "(d) Required statements in policies. Such motor vehicle liability policy shall state the name and address of the named insured, the coverage afforded by the policy, the premium charged therefor, the policy period and the limits of liability, and shall contain an agreement or be endorsed that insurance is provided thereunder in accordance with the coverage defined in this chapter as respects bodily injury and death or property damage or both, and is subject to all provisions of this chapter. "(e) Policy need not insure workmen's compensation, etc. Such motor vehicle liability policy need not insure any liability under any workmen's compensation law nor any liability on account of bodily injury to or death of an employee of the insured while engaged in the employment, other than domestic, of the insured, or while engaged in the operation, maintenance or repair of any such vehicle nor any liability for damage to property owned by, rented to, in charge of or transported by the insured. "(f) Provisions incorporated in policy. Every motor vehicle liability policy shall be subject to the following provisions which need not be contained therein: "1. The liability of the insurance carrier with respect to the insurance required by this chapter shall become absolute whenever injury or damage covered by said motor vehicle liability policy occurs; said policy may not be canceled or annulled as to such liability by any agreement between the insurance carrier and the insured after the occurrence of the injury or damage; . . ." Nothing in the Financial Responsibility Act, 47 O.S. 7-101 [47-7-101] et seq. (1971) Chapter 7, authorizes the parties to contract around its provisions. Permission to exclude that group of persons set forth in 47 O.S. 7-324 [47-7-324](e) evidences a legislative intent to prevent the insurer from excluding other groups. Hibdon v. Casualty Corporation of America, Inc., 504 P.2d 878,882 (Okl.App. 1972), states: ". . . The maximum of construction 'expressio unius este exclusio alterious' mention of one thing in a statute implies exclusion of another, In Re Arbuckle Master Conservancy Dist., Dist. Ct., Murray County, No. 9660, 474 P.2d 385 (1970) would apply in interpreting 47 O.S. 7-324 [47-7-324](e) . . . ." The purpose of the Financial Responsibility Act is to make drivers and owners responsible for injury or loss they cause. Clauses, riders and endorsements rendering the liability coverage in a liability insurance policy void under stated facts or conditions not expressly authorized by the Legislature contravenes the public policy underlying that act. It is, therefore, the official opinion of the Attorney General that clauses, riders and endorsements rendering the liability coverage extended by a liability insurance policy void under stated facts or conditions not expressly authorized by the Financial Responsibility Act are contrary to the statute and to public policy. This opinion does not preclude defenses and exclusions not related to the legislative intent underlying the Financial Responsibility Act. (JOHN PAUL JOHNSON) (ksg) ** SEE: OPINION NO. 80-124 (1980) **