Rockingham,
No. 4468.

STATE <i>v.</i> JAMES FOLLAND.

Argued March 7, 1956.

Decided April 27, 1956.

*Lindsey R. Brigham,* county solicitor, for the State, furnished no brief.

*Robert Shaw* and *Richard P. Dunfey* (*Mr. Shaw* orally), for the defendant.

GOODNOW, J. The Exeter ordinance, adopted May 29, 1947, is one "relating to the regulation of traffic and the use of public streets and highways . . . providing for the installation, regulation and control of the use of parking meters and the establishment of parking meter zones." Article VII establishes certain sections of particular streets in Exeter as limited parking areas. One of these areas is the section of Water Street involved in this case (section 3) in which the ordinance makes it unlawful to park for a period in excess of one hour.

Article IX deals with "parking meters and regulations covering the use thereof." It was enacted by the police commission under the authority granted by Laws 1947, c. 74, s. 3, now RSA 249:3. By the terms of section 1, the superintendent of police, under the direction of the police commissioners, is authorized to provide for the installation, regulation and use of parking meters in the limited parking areas defined in article VII. "The limit of time for such parking shall be indicated upon such meters as are installed . . . and shall display a signal showing legal parking upon deposit therein of a proper coin."

Section 3 of article IX provides: "Whenever any vehicle shall be parked next to a parking meter . . . the owner or operator . . . shall immediately deposit in the parking meter one or more coin . . . as indicated . . . by said meter. If a vehicle shall remain parked in any parking space for longer than the time prescribed by this ordinance or for such length of time that the parking meter shall display a signal indicating illegal parking, then, in that event such vehicle shall be deemed to be unlawfully parked and to have been parked overtime."

By the terms of section 4, article IX, it is made unlawful "to permit a vehicle to remain parked in a designated parking space while the parking meter for such space indicates that said vehicle

is illegally parked. The fact that a vehicle is parked . . . without the meter time signal showing permitted parking shall be prima facie evidence that the vehicle has been parked at said space longer than the lawfully permitted period."

It is the defendant's basic position that the legality of parking in the restricted section of Water Street is controlled by the one hour limitation of article VII, section 3, and that parking in that area is in violation of the ordinance only if it exceeds that limitation. We cannot adopt this interpretation of the ordinance.

"Ordinances, like statutes, should be construed so as to effectuate their evident purpose." *State* v. *Sweeney,* 90 N. H. 127, 128. In determining the purpose of the ordinance now before us, the provisions of article IX as well as those of article VII, section 3, must be considered. The latter clearly provides that it shall be unlawful to park in the area in question for a period in excess of one hour. Section 4 of article IX provides in equally clear language that it shall be unlawful to park in the same area "while the parking meter . . . indicates that said vehicle is illegally parked."

Together, these two sections provide for two parking time limits applicable to the section of Water Street in question, one a maximum limit of one hour, and the other a limit within that maximum period determined, in effect, by the number of coins deposited in the meter. Parking is made unlawful if it extends beyond either of these limits. See note, 6 Vand. L. Rev. 907, 912. That this is the purpose of the ordinance seems apparent from article IX, section 3, in which it is provided that a vehicle shall be deemed to have been parked overtime if it remains parked either "for longer than the time prescribed by this ordinance" (the maximum period established by article VII, section 3) or "for such length of time that the parking meter shall display a signal indicating illegal parking" (the period determined by the number of coins deposited in the meter).

Article IX, section 4, not only makes it unlawful to permit a vehicle to remain parked while the meter signal indicates illegal parking but provides in the following sentence that if a vehicle is so parked, that fact "shall be prima facie evidence that the vehicle has been parked . . . longer than the lawfully permitted period." We cannot adopt the defendant's view that "the lawfully permitted period" relates back and refers to the one hour limitation of article VII, section 3, to make the sentence provide in effect that if the signal shows illegal parking, that fact shall be prima facie

evidence that the one hour limit has been violated. The mechanism of a parking meter is so adjusted that upon deposit of a coin in the meter, the illegal parking signal disappears from view and reappears when the period of time for which the coin has been paid has expired. Since coins may be deposited in the meter in question to pay for twelve, twenty-four, thirty-six, forty-eight or sixty minutes, the fact that the signal shows illegal parking could not logically be termed prima facie evidence that the vehicle parked beside the meter has been there over one hour since it has no tendency to so indicate. On the other hand, if the signal shows illegal parking, that fact does tend to indicate that the vehicle has been parked beyond the period for which coins have been deposited in the meter and can reasonably be said to be prima facie evidence that it has been so parked. The "lawfully permitted period" referred to in section 4 is the period for which coins have been deposited in the meter.

The defendant did not violate the provisions of article VII, section 3, since his vehicle was parked for less than one hour. He did, however, permit his vehicle to remain parked in a metered space after the period for which he had deposited coins had expired and while the meter signal consequently indicated that the vehicle was illegally parked. Upon his deposit of two cents, he was lawfully permitted to park for twenty-four minutes. Upon the expiration of that period, he was parked beyond the time limited by article IX, section 4, of the ordinance in violation of that section.

*Remanded.*

All concurred.