Strafford,
No. 6363.

J. Douglas Peters

*v.*

University of New Hampshire.

March 31, 1972.

*Joseph P. Nadeau,* by brief and orally, for the plaintiff.

*Devine, Millimet, McDonough, Stahl & Branch* and *Robert A. Backus* (*Mr. Backus* orally) for the defendant.

Griffith, J. In the course of the coming into full flower of the competitive parking era, motorists have attempted to avoid payment of parking tickets by ingenious action to evade regulatory provisions (*State* v. *Sweeney,* 90 N.H. 127, 5 A.2d 41 (1939)) and equally ingenious interpretations thereof. *State* v. *Folland,* 100 N.H. 188, 122 A.2d 268 (1956).

In the present case a student motorist attacks the regulation of student parking on the University of New Hampshire campus as a violation of constitutional due process and the fact that faculty parking is regulated differently as a violation of the "equal protection" clause of the fourteenth amendment. Plaintiff's petition for injunction resulted in $110 in unpaid parking fines being deposited in court to be paid to the plaintiff or defendant depending on our decision of the questions raised by an agreed statement of facts transferred without ruling by *Flynn,* J.

The petition claims that requiring plaintiff to pay his parking fines as a condition of registering for the next semester

constitutes "cruel and unequal punishment" in violation of New Hampshire constitution part I, article 33, and the United States Constitution. We assume plaintiff recognized this claim was without merit since it quite properly was neither briefed nor argued. In his brief he suggests that he was denied due process since he could have appealed his parking tickets to the student Motor Vehicle Appeals Board but for the fact that he was chairman of the board. The argument that an offender who refuses to disqualify himself as his own judge, is thus denied due process has no merit.

We are unable to discern any meaningful constitutional challenge in the plaintiff's parking problems. An examination of the regulations and the appeal provisions indicate that no due process question exists. While not necessarily a requirement in the processing of parking violations on campus it appears the university regulations fully complied with the suggested standards for "severe cases of student discipline" set forth by the federal judges for the Western District of Missouri in 45 F.R.D. 133 (1968). *See also Dixon* v. *Alabama State Bd. of Educ.*, 294 F.2d 150 (5th Cir. 1961).

The "equal protection" clause of the fourteenth amendment does not forbid reasonable classification but only "invidious discrimination" with no reasonable basis. *Reed* v. *Reed*, 404 U.S. 71, 92 S. Ct. 251 (1971); *Ferguson* v. *Skrupa*, 372 U.S. 726, 10 L. Ed. 2d 93, 83 S. Ct. 1028 (1963); *McGowan* v. *Maryland*, 366 U.S. 420, 6 L. Ed. 2d 393, 81 S. Ct. 1101 (1961). Employers regularly provide parking areas for employees which are denied to customers. Such classification is reasonable common sense if employees are to be available to serve customers. In the present case it is not invidious discrimination to provide regulations in the use of the university's inadequate parking facilities by the faculty who teach which differ from those applied to the students who attend to be taught.

*Petition dismissed; remanded.*

All concurred.