Strafford
No. 78-177

ARABELLA RICHARDSON

v.

ROBERT L. BRUNELLE, COMMISSIONER,

DEPARTMENT OF EDUCATION

February 28, 1979

*Cooper, Hall & Walker*, of Rochester (*Peter A. Handy* orally), for the plaintiff.

*Thomas D. Rath*, attorney general (*Andrew R. Grainger*, assistant attorney general, orally) for the defendant.

DOUGLAS, J.   This appeal, pursuant to RSA 326-B:14 (Supp. 1977), challenges the New Hampshire Board of Nursing Education and Nurse Registration's denial of the plaintiff's application for a license to practice as a licensed practical nurse. Following a denial upon rehearing by the board, the plaintiff appealed the board's decision to superior court. The defendant then filed a motion to dismiss. All questions were transferred without ruling by *Mullavey*, J. We affirm the denial of her license.

The plaintiff contends that the licensing statute's requirement of a diploma from an approved school of practical nursing constitutes an irrebuttable presumption that without such diploma she is unqualified, and therefore the requirement violates her right to procedural due process. She also claims that the board's decision is arbitrary and capricious as applied to her. Finally, she contends that the statute's "grandfather clause" violates the equal protection clauses of the United States and New Hampshire Constitutions. U.S. CONST. amend. XIV; N.H. CONST. pt. I, art. 1.

The plaintiff, who passed the Massachusetts licensed practical nursing exam, is a duly-licensed practical nurse (LPN) in Massachusetts. From 1939 to 1942, the plaintiff successfully completed eight out of nine terms of the Registered Nurses Program at the Lynn Hospital School of Nursing in Massachusetts before withdrawing to marry. Before applying for a New Hampshire license, the plaintiff worked as a licensed practical nurse for fifteen years at Saugus General Hospital in Saugus, Massachusetts. While working at the hospital, she ran a medical-surgical floor for seven years and was head nurse in the emergency room for two years. She also practiced in obstetrics, pediatrics, recovery, and intensive care.

In 1972, the plaintiff and her husband moved to Union, New Hampshire. She continued to reside part time in Saugus until she left her job at Saugus General in June 1975. On May 23, 1977, the plaintiff applied for a license to practice as an LPN pursuant to RSA 326-B:7 (Supp. 1977). Licensure was denied because the plaintiff did not possess a degree from an approved school of practical nursing.

Before 1975, New Hampshire's requirements for licensure as a practical nurse included either "a diploma from a school of practical nursing" or "equivalent education in theory and practice as determined by the Board." RSA 326:19(e) [repealed 1975; superseded by RSA 326-B:7 (Supp. 1977)]. In June 1975, the legislature upgraded the licensure requirement by eliminating the equivalency provision and requiring "written official evidence of graduation from an approved school of practical nursing." RSA 326-B:7 I(c) (Supp. 1977).

■■■ The plaintiff's first contention is that the degree requirement creates a constitutionally invalid irrebuttable presumption of an applicant's incompetence absent a degree. Not all irrebuttable presumptions are unconstitutional. *Weinberger v. Salfi*, 422 U.S. 749 (1975). Unlike *Cleveland Board of Education v. La Fleur*, 414 U.S. 632 (1974), the requirement of a degree is rationally related to nursing competence, and unlike *Vlandis v. Kline*, 412 U.S. 441 (1973), the plaintiff was not denied an opportunity to prove that she met the requirement at issue. She personally appeared before the board, but failed to show evidence of graduation from an approved school of practical nursing.

■■ The plaintiff also asserts that the denial of a license to practice her profession constitutes a denial of substantive due process. In discussing a State's power to promulgate professional licensing standards, the Supreme Court held that "A state cannot exclude a person . . . from any . . . occupation in a manner or for reasons that contravene the Due Process or Equal Protection Clause of the Fourteenth Amendment. . . . [A]ny qualification must have a rational connection with the

applicant's fitness or capacity. . . ." *Schware v. Board of Bar Examiners*, 353 U.S. 232, 238–39 (1957). Thus, the only issue to be decided is whether the degree requirement is rationally related to nursing competence. A State may require "a certain degree of skill and learning upon which the community may confidently rely, their possession being generally . . . inferred from a certificate . . . in the form of a diploma . . . from an institution established for instruction on the subjects . . . with which such pursuits have to deal." *Dent v. West Virginia*, 129 U.S. 114, 122 (1889). Further, the plaintiff does not argue that the degree requirement is arbitrary or unreasonable per se, nor does she question the power of the State to regulate the licensing of professional groups. She argues that in her particular situation, substantive due process requires an alternative method of evaluating her competence. The plaintiff is not foreclosed from practicing nursing in a nonlicensed capacity or from returning to school in order to obtain her degree. To grant an exception to the plaintiff would undermine the legislature's determination that experience is no longer an acceptable substitute for a degree.

The plaintiff's final contention is that RSA 326-B:19 (Supp. 1977) constitutes a denial of her right to equal protection of the laws. Section 19 operates as a "grandfather clause" for persons licensed in New Hampshire prior to 1975. The grandfather clause is not based upon a suspect classification, nor does it involve a "fundamental right." Therefore, the constitutional standard to be applied is that of rationality. *Valley Bank v. State*, 115 N.H. 15, 335 A.2d 652 (1975); *Belkner v. Preston*, 115 N.H. 151, 332 A.2d 168 (1975). RSA 326-B:19 (Supp. 1977) is rational because it protects the rights of those licensed under previous laws and ensures continuity of nursing services. Furthermore, persons licensed in other States are subject to different standards than persons licensed in New Hampshire, and are therefore not similarly situated. Although the plaintiff's ability may exceed that of persons covered by section 19, "rational distinctions may be made with substantially less than mathematical exactitude." *City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976).

Although the constitutions of our State and federal governments do not compel invalidation of this statute, we agree that in this case the degree requirement may work an inequitable result. We note that a legislative committee has recognized that "there exist many semi-autonomous [Licensing and Regulatory] Boards which do not necessarily benefit members of their profession or trade or the general public . . . . The responsibility of these boards should be to the public

rather than the concern of professional interestes [sic] to regulate their own affairs." 7 April 1977 HOUSE RECORD. The appropriate forum for change is in the legislature.

*The board's order is affirmed.*

GRIMES, J., did not sit; the others concurred.