Board of Accountancy
No. 81-367

## APPEAL OF RONALD A. ETLINGER
### (New Hampshire Board of Accountancy)

July 7, 1982

*Leonard, Prolman & Leonard,* of Nashua (*Thomas J. Leonard, III,* on the brief and orally), for the plaintiff.

*Gregory H. Smith,* attorney general (*Peter C. Scott,* assistant attorney general, on the brief and orally), for the State.

BATCHELDER, J. This administrative appeal (RSA 541:6) from an order of the New Hampshire Board of Accountancy denying the plaintiff's application for a certificate as a certified public accountant turns on two narrow issues:

(1) Is the requirement of employment by anyone practicing public accounting as a staff accountant for two years, RSA 309-A:4 II (Supp. 1981), satisfied when an applicant performs work in the accounting field for someone other than one practicing public accounting?

(2) Does the requirement that the applicant's experience in the accounting field, RSA 309-A:4 II (Supp. 1981), be on behalf of or for anyone practicing public accounting violate the applicant's rights to substantive due process and equal protection under the Fourteenth Amendment to the United States Constitution?

The facts which form the background for this appeal are as follows: The plaintiff, upon completing a four-year college course of study, became employed by Price, Waterhouse and Company, a firm engaged in public accounting. He held this position from August 1974 to April 1976. From April 1976 until September 1978, the plaintiff was employed as an auditor by the Singer Company, a manufacturer, and from 1978 to the date of his application to the board of accountancy, he was employed as an internal auditor by the Melville Corporation, another manufacturing concern, where he continued to work up to and including the time of this appeal. Both Singer and Melville engaged Peat, Marwick, Mitchell & Company for public accounting services. The plaintiff dealt continually with Peat, Marwick while at both jobs. Although some of the methods and details of the plaintiff's work were under the supervision of Peat, Marwick, the plaintiff remained under the control of his immediate employer.

The plaintiff desires that his Singer and Melville experiences in dealing with Peat, Marwick, Mitchell & Company be included as "employment . . . by anyone practicing public accounting." This request is necessary because his Price, Waterhouse and Company experience is approximately four months short of the two years required by the statute, RSA 309-A:4 II(b) (Supp. 1981).

■■■ This court has held in *Corson v. Brown Products, Inc.*, 119 N.H. 20, 23, 397 A.2d 640, 642 (1979) (citing *International Business Machines Corporation v. Brown*, 167 Conn. 123, 134, 355 A.2d 236, 241 (1974)), that "[w]hen the language used in a statute is clear and unambiguous, its meaning is not subject to modification by

construction." In addition, RSA 21:2 provides: "[W]ords and phrases shall be construed according to the common and approved usage of the language. . . ." The language "in employment as a staff accountant by anyone practicing public accounting" is clear and unambiguous language within the basic framework of our case law as well as our statute dealing with statutory construction. It does not provide for experience other than "employment . . . by anyone practicing public accounting," nor does it provide for any alternative or substantial equivalency. The board of accountancy committed no error when it refused to find that the plaintiff's experience with Singer and Melville was "employment . . . by anyone practicing public accounting."

Having determined that the board of accountancy was correct in determining that the plaintiff does not qualify for acceptance as a certified public accountant under RSA 309-A:4 (Supp. 1981), we turn briefly to the plaintiff's argument dealing with a claimed deprivation of his fourteenth amendment rights.

■ As the State contends, the primary purpose of RSA 309-A:4 (Supp. 1981) is to ensure competence of certified public accountants. We need go no further than *Richardson v. Brunelle*, 119 N.H. 104, 106–07, 398 A.2d 838, 840–41 (1979), to find that similar due process and equal protection claims have been made with respect to the licensing of practical nurses and have failed. The "experience" requirement is rationally related to ensuring competence in the accounting profession, *cf. id.* at 106, 398 A.2d at 840; *Valley Bank v. State*, 115 N.H. 151, 154–56, 335 A.2d 652, 654–55 (1975), and does not provide for an "invidious discrimination." *Cf. Peters v. University of N.H.*, 112 N.H. 120, 121, 289 A.2d 396, 397–98 (1972).

Accordingly, the ruling of the board of accountancy in this case is

*Affirmed.*

All concurred.