OHIO COLLEGE OF LIMITED MEDICAL PRACTICE et al., Appellants,

v.

OHIO STATE MEDICAL BOARD et al., Appellees.

[Cite as *Ohio College of Limited Med. Practice v. Ohio State Med. Bd.* (1995), 108 Ohio App.3d 176.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

95APE06–740.

Decided Dec. 28, 1995.

*Livorno & Arnett* and *Henry A. Arnett,* for appellants.

*Betty D. Montgomery,* Attorney General, and *Anne Berry Strait,* Assistant Attorney General, for appellees.

LAZARUS, Judge.

Plaintiffs-appellants, the Ohio College of Limited Medical Practice et al., appeal from a decision of the Franklin County Court of Common Pleas upholding the constitutionality of R.C. 4731.15 and 4731.151, which regulate the practice of mechanotherapy. We affirm for reasons that follow.

R.C. 4731.15(A)(1) charges the State Medical Board with the duty to examine, register, and regulate the "limited branch[es] of medicine or surgery" enumerated therein. Prior to March 2, 1992, there were three such limited branches of medicine or surgery: mechanotherapy, massage, and cosmetic therapy. Effec-

tive March 2, 1992, Sub.H.B. No. 322 eliminated the separate licensing and regulation of mechanotherapy, except for individuals separately licensed as mechanotherapists prior to March 2, 1992, who were permitted to continue practicing mechanotherapy. This "grandfather provision" is R.C. 4731.151(B)(2).

Appellants are two schools teaching mechanotherapy, mechanotherapy students, a graduate of a mechanotherapy school who wishes to be licensed as a mechanotherapist, and a mechanotherapy patient. Appellants filed suit against defendants-appellees, Ohio State Medical Board and its members, seeking, alternatively (1) a declaratory judgment that the 1992 amendment to R.C. 4731.15 did not eliminate mechanotherapy as a limited branch of medicine, or (2) a declaration that the elimination of mechanotherapy as a limited branch of medicine is unconstitutional, a declaration that appellees are under a clear legal duty to license mechanotherapists, a writ of mandamus and a permanent injunction ordering appellees to license appellants as mechanotherapists and mechanotherapist schools, and an injunction enjoining appellees from taking any action against those who do practice mechanotherapy. After the trial court denied cross-motions for summary judgment, a two-day trial was conducted before a referee, who issued a report recommending judgment for appellees on all claims. The trial court adopted the referee's report and entered judgment accordingly. Appellants assert two assignments of error:

1. "The court of common pleas erred in upholding the constitutionality and validity of the amendments to Ohio law restricting mechanotherapy and not granting judgment for plaintiffs."

2. "The court of common pleas erred in not granting plaintiffs' motion for summary judgment."

Appellants' constitutional claims allege violations of the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

Appellants argue that the effect of the 1992 amendment is to eliminate mechanotherapy, thereby depriving prospective practitioners of the right to engage in an occupation. Appellants argue that this deprivation violates the Due Process Clause of the Fourteenth Amendment. Appellants also argue that the state is depriving prospective mechanotherapy patients of their right to such treatment in violation of their right of due process, in particular their right of privacy.

The police power of the state includes the power to promote public health by regulating and setting minimum qualifications for health care professionals. *Graves v. Minnesota* (1926), 272 U.S. 425, 427, 47 S.Ct. 122, 122–123, 71 L.Ed. 331, 334; *Nesmith v. State* (1920), 101 Ohio St. 158, 159, 128 N.E. 57. Under due process analysis, the exercise of this power is subject only to the

rational basis test. See *Williamson v. Lee Optical of Oklahoma, Inc.* (1955), 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563; *Sedar v. Knowlton Constr. Co.* (1990), 49 Ohio St.3d 193, 199, 551 N.E.2d 938, 944; *State v. Anderson* (1991), 57 Ohio St.3d 168, 170, 566 N.E.2d 1224, 1225. Statutes are presumed to be constitutional, and the party challenging the statute bears the burden of proving its unconstitutionality beyond a reasonable doubt. *Anderson,* at 171, 566 N.E.2d at 1226.

■ There is sufficient evidence to support the trial court's finding that all of the services mechanotherapists are licensed to perform are among the services chiropractors are licensed to perform.[1] The General Assembly thus has not outlawed mechanotherapy; it has merely increased the minimum qualifications for practitioners to those required for chiropractors, as was within its police power. See *Mitchell v. Clayton* (C.A.7, 1993), 995 F.2d 772 (rejecting due process and equal protection claims of acupuncturists challenging statute requiring medical, osteopathic, or chiropractic degree); *Maguire v. Thompson* (C.A.7, 1992), 957 F.2d 374 (similar claims of naprapaths); see, also, *Sutker v. Illinois State Dental Soc.* (C.A.7, 1986), 808 F.2d 632 (rejecting equal protection claim of denturists challenging statute requiring dentist license). Therefore, no prospective mechanotherapy practitioner or patient is being deprived of any right cognizable under the Due Process Clause. Even assuming that the trial court was incorrect and that there are services for which mechanotherapists are licensed and chiropractors are not, appellants' contention that the entire practice of mechanotherapy has been eliminated is an overstatement. At most, only a small number of services have been eliminated, a number so small that the rights connected with them are *de minimis.* We conclude that R.C. 4731.15 does not violate any due process rights of any of the appellants.

Appellants point to *Andrews v. Ballard* (S.D.Tex.1980), 498 F.Supp. 1038, for the proposition that prospective mechanotherapy patients have been deprived of a fundamental right of privacy because mechanotherapy services have been rendered more difficult to obtain. In *Andrews,* the plaintiffs were forty-six residents of Harris County, Texas, who were acupuncture patients. They challenged a Texas statute that limited the practice of acupuncture to physicians even though no physician in Texas practiced acupuncture. The court held that because the effect of the statute was to render acupuncture unavailable in Texas, the plaintiffs were denied their right to medical treatment in violation of the due process right

---

1. Both at trial and on appeal, the parties direct much of their attention to the question of whether mechanotherapy is a subset of chiropractic or whether each practice includes some forms of treatment that the other does not. Appellees also introduced evidence that all of the services mechanotherapists are licensed to perform are among the services physicians are licensed to perform. Appellees make the same contention in their appellate brief. However, because neither the referee nor the trial court made an express finding on the issue, it plays no part in our decision.

to privacy enunciated in *Roe v. Wade* (1973), 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147. However, no such deprivation has occurred in this case. Because the General Assembly included a grandfather provision, R.C. 4731.151(B)(2), the 1992 amendment had no immediate effect on the number of practitioners of mechanotherapy in Ohio. Moreover, chiropractors can provide mechanotherapy services. Thus, mechanotherapy services have not been rendered unavailable as acupuncture services were in *Andrews, supra.*

Appellants' reliance on *England v. Louisiana State Bd. of Med. Examiners* (C.A.5, 1958), 259 F.2d 626, is also misplaced. In *England,* the court merely reversed a summary judgment, saying that the plaintiffs, forty chiropractors, were entitled to a trial on the question of whether due process and equal protection were denied by statutes limiting the practice of chiropractic to licensed physicians. Appellants in this case had a trial, and *England* advances their case no further.

■ Appellants argue that the grandfather provision, R.C. 4731.151(B)(2), violates the Equal Protection Clause because it discriminates between mechanotherapists licensed prior to March 2, 1992, and individuals who wish to practice mechanotherapy and must now meet more stringent requirements. Unless fundamental rights or suspect distinctions are implicated, a classification need only be rationally related to achieving a legitimate state purpose to survive equal protection scrutiny. *New Orleans v. Dukes* (1976), 427 U.S. 297, 303, 96 S.Ct. 2513, 2516–2517, 49 L.Ed.2d 511, 516–517; *State ex rel. Nyitray v. Indus. Comm.* (1983), 2 Ohio St.3d 173, 175, 2 OBR 715, 716–717, 443 N.E.2d 962, 964. The burden is on those challenging the legislation to prove that the state has not met this standard. *Dukes* at 303, 96 S.Ct. at 2516, 49 L.Ed.2d at 516–517; *Vance v. Bradley* (1979), 440 U.S. 93, 111, 99 S.Ct. 939, 949, 59 L.Ed.2d 171, 184–185.

■ In this case, the legitimate state goal is promoting public health. Because it is not irrational to conclude that practical experience enhances competence, the grandfather provision, R.C. 4731.151(B)(2), does not violate the Equal Protection Clause. See *Watson v. Maryland* (1910), 218 U.S. 173, 178, 30 S.Ct. 644, 646–647, 54 L.Ed. 987, 990 (upholding grandfather provision for registration of physicians); *Shenfield v. Prather* (N.D.Miss.1974), 387 F.Supp. 676, 688 (upholding bar admission plan allowing for sister-state reciprocity for attorneys with five years' experience); *Appeal of Etlinger* (1982), 122 N.H. 639, 640–641, 448 A.2d 392, 393–394 (upholding work experience requirement for certified public accountants); *Duggins v. North Carolina State Bd. of Certified Pub. Accountant Examiners* (1978), 294 N.C. 120, 128–133, 240 S.E.2d 406, 412–414 (same); see, also, *Dukes, supra* (upholding grandfather provision for French Quarter pushcart vendors).

For the foregoing reasons, both of appellants' assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

PETREE and STRAUSBAUGH, JJ., concur.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, sitting by assignment.